# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. MCGRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 06-0752 (GK) |
| v. | ) |
| | ) |
| DONALD C. WINTER, Secretary of the Navy, | ) |
| and | ) |
| DEPARTMENT OF THE NAVY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, pursuant to Fed. R. Civ. P. 56, respectfully move for entry of summary judgment in their favor. Defendants so move on the ground that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. As support for this motion, the Court is respectfully referred to Defendants' Statement of Material Facts Not In Genuine Dispute, the memorandum of points and authorities in support of the instant motion, the Declaration of Captain Lawson R. Almand, Judge Advocate General's Corps, United States Navy, and attachments thereto, and the entire record in this case.

To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendants. See Fed. R. Civ. P. 56. Plaintiff *pro se* should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992) and Fed. R. Civ. P. 56(e), which provide as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A proposed Order is attached.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____

MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
501 3rd Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 514-6531
Counsel for Defendant

Of Counsel:
Major Thomas B. Merritt, Jr., USMC
Department of the Navy
General Litigation Division
Office of the Judge Advocate General
Washington Navy Yard, D.C._____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACKSON L. MCGRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0752 (GK) |
| | ) |
| DONALD C. WINTER, Secretary of the Navy, | ) |
| and | ) |
| DEPARTMENT OF THE NAVY, | ) |
| | ) |
| Defendants. | ) |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7(h), the defendants submit this statement of material facts not in genuine dispute. The attached declaration of Captain Lawson R. Almand, Judge Advocate General's Corps, United States Department of the Navy, presently serving as Deputy Assistant Judge Advocate General (General Litigation), supports this statement. See Almand Declaration ("Almand Dec."), attached hereto as Exhibit 1.

### I.  Plaintiff's Freedom of Information Act Request

(1)  By letter dated September 28, 2005, plaintiff made a Freedom of Information Act ("FOIA") request to the Commandant of the United States Marine Corps ("CMC")[1] for the following:

> a- the Master Brief Sheets, under the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were recommended for promotion by

---

[1]The United States Marine Corps ("USMC") is a component of the United States Department of the Navy. 10 U.S.C. § 5061.

the Fiscal Year ("FY") 2004 Lieutenant Colonel Selection Board;[2]

> b- the Master Brief Sheets, under the 'old' and 'new' performance evaluation systems, for the sample of records of officers who were not recommended for promotion by the FY 2004 Lieutenant Colonel Selection Board;

> c- a copy of the precept for the FY 2004 Lieutenant Colonel Selection Board;[3]

> d- the Master Brief Sheets, under the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were recommended for promotion by the FY 2005 Lieutenant Colonel Selection Board;

> e- the Master Brief Sheets, under the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were not recommended for promotion by the FY 2005 Lieutenant Colonel Selection Board; and

> f- a copy of the precept for the FY 2005 Lieutenant Colonel Selection Board.

Almand Dec. ¶ 4; see Attachment C.

(2) On October 4, 2005, the CMC received the FOIA request and assigned it FOIA File Number 200600007. Almand Dec. ¶ 5.

(3) By letter dated October 5, 2005, CMC informed plaintiff that his request could not be processed within the applicable time period because the records were not maintained by CMC's FOIA office. Id.; see Attachments D, E, F and G. This letter also informed plaintiff that he could consider the inability to process his request within the applicable time period to be an adverse determination which would allow him to file an appeal. Id.

(4) By letter dated October 13, 2005, plaintiff filed an appeal with the Office of the Judge Advocate General. Id.; see Attachment I. However, before the appeal could be acted upon,

---

[2]A master brief sheet provides key personal data and a summary of a Marine's entire performance evaluation record. See Almand Dec. ¶ 4, n.1.

[3]A precept is "the legal document which orders a selection board to convene." Almand Dec. ¶ 4 n.2.

CMC denied part of plaintiff's request.  <u>Id</u>.

(5) By letter dated November 17, 2005, CMC informed plaintiff that "the FY04 and FY05 USMC Lieutenant Colonel Promotion Selection board precepts [could] be downloaded form (sic) the Marine Corps Promotion Branch web page," and provided plaintiff with the website address. <u>Id</u>. ¶ 6.  The letter also advised plaintiff that the Master Brief Sheets he requested were identified and retrieved.  <u>Id</u>.  However, they were being withheld from disclosure based upon 5 U.S.C. § 552(b)(3)(A) ("Exemption (b)(3)(A)"), "applying the statutory disclosure exemption contained in 10 U.S.C. § 618(f)."  <u>Id</u>.; <u>see</u> Attachment J.

(6) By letter dated January 4, 2006, plaintiff appealed CMC's denial.  <u>Id</u>. ¶ 7.

(7) On January 10, 2006, the Office of the Judge Advocate General received the appeal and assigned it tracking number F06047.  <u>Id</u>.

(8) By letter dated February 23, 2006, plaintiff's October 13, 2005 and January 4, 2006 appeals were denied.  <u>Id</u>. ¶¶ 5, 7, 8; <u>see</u> Attachment L.  Specifically, plaintiff's October 13, 2005 appeal regarding CMC's inability to process his request with the applicable time frame was denied as moot because CMC responded to the request prior to processing the appeal.  <u>Id</u>. ¶ 8; <u>see</u> Attachment M.  Further, plaintiff's request for the Master Brief Sheets was denied because the disclosure of the Master Brief Sheets was exempted under FOIA Exemption (b)(3)(A) which requires agencies to withhold information that is "specifically exempted from disclosure by statute . . . provided that such statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue."  <u>Id</u>.; <u>see</u> Attachment L, 5 U.S.C. § 552(b)(3)(A).

3

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
501 3rd Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant


Of Counsel:
Major Thomas B. Merritt, Jr., USMC
Department of the Navy
General Litigation Division
Office of the Judge Advocate General
Washington Navy Yard, D.C._____

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
JACKSON L. MCGRADY,                         )
                                            )
                    Plaintiff,              )
                                            )      Civil Action No. 06-0752 (GK)
            v.                              )
                                            )
DONALD C. WINTER, Secretary of the Navy,    )
and                                         )
DEPARTMENT OF THE NAVY,                      )
                                            )
                    Defendants.             )
_____         )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully submit this Memorandum of Points and Authorities in support of

this Motion for Summary Judgment.

## I.  INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

pertains to the processing of plaintiff *pro se*'s FOIA request to the Department of the Navy,

specifically, to the Commandant of the Marine Corps ("CMC").  The subject FOIA request seeks

copies of the Master Brief Sheet sampling maintained pursuant to 10 U.S.C. § 628[1] for the

Lieutenant Colonel Selection Board for Fiscal Years 2004 and 2005 as well as the precepts for

these boards.  See Complaint ¶ 18.  See also Declaration of Lawson R. Almand ("Almand Dec."),

_____

[1]Title 10 United States Code Section 628 relates to the convening of Special Selection
Boards.  When a Special Selection Board is convened, its members use a sampling of Master
Brief Sheets and associated personnel records of officers selected for promotion and officers not
selected for promotion in an effort to replicate a previously convened selection board.  See 10
U.S.C. § 628(a)(2), (b)(2).

attached hereto as Exhibit 1.  Defendants located the requested documents and fully and

appropriately responded to plaintiff's FOIA request.  Defendants provided plaintiff with the

information to obtain some of the documents requested and determined that the remaining

documents were exempt from disclosure pursuant to FOIA Exemption (b)(3)(A) and 10 U.S.C. §

618(f).  Defendants, therefore, satisfied their obligations under FOIA.  There are no material facts

in dispute and the government is entitled to judgment in its favor as a matter of law.

## II.  ARGUMENT

### A.  <u>Standard for Summary Judgment</u>

Where no genuine dispute exists as to any material fact, summary judgment is required.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  <u>Id</u>. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of

evidence to support the non-moving party's case."  <u>Sweats Fashions, Inc. v. Pannill Knitting Co.,

Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, the plaintiff must present some objective evidence that would enable the

court to find he is entitled to relief.  In <u>Celotex Corp. v. Catrett</u>, the Supreme Court held that, in

responding to a proper motion for summary judgment, the party who bears the burden of proof on

an issue at trial must "make a sufficient showing on an essential element of [his] case" to

establish a genuine dispute.  477 U.S. 317, 322-23 (1986).

In <u>Anderson</u> the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

<u>Anderson</u>, 477 U.S. at 252; <u>see also</u> <u>Laningham v. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (<u>quoting</u> Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[2]  <u>See</u> <u>Cappabianca v. Commissioner, U.S. Customs Serv.</u>, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (<u>citing</u> <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA case, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute, and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  <u>Students Against Genocide v. Dep't of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001); <u>Weisberg v. Dep't of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980).

---

[2]For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to <u>de novo</u> review by the courts.  <u>Hayden v. Nat'l Security Agency</u>, 608 F.2d 1381, 1384 (D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937 (1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure.  Hayden, 608 F.2d at 1386; Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see also McGhee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Comm. on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995).  When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

## B.  Defendant Has Submitted a "Vaughn" Declaration

In moving for summary judgment in a FOIA case, an agency must establish a proper basis for its withholding of responsive documents.  "In response to this special aspect of summary judgment in the FOIA context, agencies regularly submit affidavits . . . in support of their motions for summary judgment against FOIA plaintiffs." Judicial Watch v. U.S. Dep't of Health and Human Services, 27 F. Supp. 2d 240, 242 (D.D.C. 1998).  The declaration or affidavit (singly or collectively) is often referred to as a Vaughn index, after the case of Vaughn v. Rosen,

484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).  There is no set formula for a

Vaughn index.  "[I]t is well established that the critical elements of the Vaughn index lie in its

function, and not in its form."  Kay v. FCC, 976 F.Supp. 23, 35 (D.D.C. 1997), aff'd 172 F.3d

919 (D.C. Cir. 1998).  "The materials provided by the agency may take any form so long as they

give the reviewing court a reasonable basis to evaluate the claim of privilege." Delaney, Midgail

& Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987).  See also Keys v. Dep't of

Justice, 830 F.2d 337, 349 (D.C. Cir. 1987); Hinton v. Dep't of Justice, 844 F.2d 126, 129 (3d

Cir. 1988).  "All that is required, and that is the least that is required, is that the requester and the

trial judge be able to derive from the index a clear explanation of why each document or portion

of a document withheld is putatively exempt from disclosure." Id. at 128.  The specificity of

itemization needed depends upon the nature of the document and the exemption asserted.

Information Acquisition Corp. v. Dep't of Justice, 444 F.Supp. 458, 462 (D.D.C. 1978).

     The Vaughn Index serves a threefold purpose: (1) it identifies each document withheld;

(2) it states the statutory exemption claimed; and (3) it explains how disclosure would damage

the interests protected by the claimed exemption.  See  Citizens Comm. on Human Rights, 45

F.3d at 1325.  "Of course the explanation of the exemption claim and the descriptions of

withheld material need not be so detailed as to reveal that which the agency wishes to conceal,

but they must be sufficiently specific to permit a reasoned judgment as to whether the material is

actually exempt under FOIA."  Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C.

Cir. 1979).

     In the case at bar, defendants submitted a Vaughn Declaration in support of this motion

for summary judgment.  The Declaration was prepared by Lawson R. Almand, Captain, Judge

Advocate General's Corps, United States Navy, presently on active duty and serving as Deputy

Assistant Judge Advocate General (General Litigation), Office of the Judge Advocate General.

See Almand Dec. ¶ 1. As the Deputy Assistant Judge Advocate General (General Litigation),

Captain Almand is one of the Secretary of the Navy's designated appellate authorities for

administrative appeals of initial denials of requests under the Freedom of Information Act

(FOIA) and Privacy Act (PA). Almand Dec. ¶ 2. In this capacity, Captain Almand makes final

decisions on administrative appeals for the Department of the Navy.

Captain Almand reviewed the Complaint in this case, and is familiar with the Department

of the Navy's processing of plaintiff's FOIA request through administrative appeal. Almand

Dec. ¶ 3. Plaintiff's request and appeal fall within the scope of the authority delegated to Captain

Almand by the Secretary of the Navy. Id.

## C.    Defendant Conducted a Search and Located Requested Records

In responding to a FOIA request an agency is under a duty to conduct no more than a

reasonable search for responsive records. Ogelsby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir.

1998); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health, et al., 844 F.Supp. 770, 776

(D.D.C. 1993). The search standards under the FOIA do not place upon the agency a

requirement that it prove that all responsive documents have been located. Nation Magazine v.

U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "the search

need only be reasonable; it does not have to exhaustive." Miller v. Dep't of State, 779 F.2d

1378, 1383 (8th Cir. 1985) citing, National Cable Television Association v. FCC, 479 F.2d 183,

186 (D.C. Cir. 1973). As a result, an agency under the FOIA is not required to search every

division or field office in response to a FOIA request when responsive documents are likely to be

located in one place.  <u>Marks v. Dep't of Justice</u>, 578 F.2d 261, 263 (9th Cir. 1978).  In addition,

the agency is not obligated to perform an "open-ended, broad based, and ill-defined" search of

every division and office.  <u>See</u> <u>Marrera v. Dep't of Justice</u>, 622 F.Supp. 51, 54 (D.D.C. 1985).

The Almand Declaration demonstrates through detailed, non-conclusory and good-faith

averments that, in this case, that the CMC located the requested records.  <u>See</u> Almand Dec. ¶ 6.

The CMC advised plaintiff that the requested precepts could be downloaded from the internet,

and provided plaintiff with the appropriate internet address.  <u>Id</u>.  The CMC located the Master

Brief Sheets plaintiff requested, but withheld them from disclosure pursuant to FOIA Exemption

(b)(3).  <u>Id</u>.  Nevertheless, the CMC satisfied its search obligations imposed upon him under law.

**D.    The Department of the Navy Properly Applied Freedom of Information Act
         Exemption (b)(3) in Conjunction with 10 U.S.C. § 618(f)**

1- <u>Statutory Bases for Withholding Requested Documents</u>

Title 10, United States Code, Section 611(a) states:

> whenever the needs of the service require, the Secretary of the military department
> concerned shall convene selection boards to recommend for promotion to the next
> higher permanent grade, . . . officers on the active-duty list in each permanent
> grade from first lieutenant through brigadier general in the Army, Air Force, or
> Marine Corps and from lieutenant (junior grade) through rear admiral (lower half)
> in the Navy . . . .

In order to determine whether an eligible officer should be promoted, the members of the

selection board are provided with certain materials.  These materials include the selection board's

precept, the eligible officers' official military personnel files, and their corresponding Master

Brief Sheets.  <u>See</u> Attachment M (Secretary of the Navy Instruction ("SECNAVINST") 1420.1B

¶ 13(d)(1)); Attachment N (Marine Corps Order (MCO) P1400.31B ¶ 3001(1)(a), (2)(c)).  Master

Brief Sheets "provide key personal data and a summary of [the eligible officer's] entire

7

performance evaluation record." Almand Dec. ¶ 4 n.1. The performance evaluation record

includes the performance evaluations provided by the eligible officer's first and second level

supervisors. See Almand Dec. ¶ 4, Attachment B. The members of the selection board use this

information during their deliberations to determine which officers should be promoted. The

selection board's promotion recommendations are reported to the Secretary of the Navy. See 10

U.S.C. § 617(a). The Secretary adopts or modifies the list and forwards it to the Chairman of the

Joint Chiefs of Staff and the Secretary of Defense. See 10 U.S.C. § 618(b), (c). The list is then

forwarded to the President who makes the ultimate appointments. See 10 U.S.C. § 618(b).

Pursuant to 10 U.S.C. § 618(f):

> except as authorized or required by this section, proceedings of a selection board
> convened under section 611(a) of this title may not be disclosed to any person not
> a member of the board.

This is because "[f]ree, uninhibited, and candid deliberations by selection boards are . . . vital to

the effective functioning of the selection board process . . . ." In re: England, Secretary of the

Navy, et al., 375 F.3d 1169, 1176 (D.C. Cir. 2004)(citing Declaration of Gordon R. England ¶ 9).

"Navy regulations also require all selection board members to take an oath to 'not divulge

the proceedings of th[e] board except as authorized or required by the Secretary of the Navy or

higher authority.'" Id. at 1173. The bar to the disclosure of selection board proceedings was an

established practice and, upon its enactment, Section 618(f) codified that practice. Id.(citing

Brenner v. United States, 202 Ct.Cl. 678, 686 (Ct.Cl. 1973)("The proceedings of selection boards

are secret.) (Navy)(additional citations omitted).

Title 5, United States Code, Section 552(b)(3) ("Exemption (b)(3)") of the Freedom of

Information Act permits the withholding of information prohibited from disclosure by another

statute if that statute either:  (A) requires that the matters be withheld from the public without

discretion, or (B) establishes particular criteria for withholding or refers to particular types of

matters to be withheld.  See 5 U.S.C. § 552(b)(3); Smith v. United States, 251 F.3d 1047, 1048-

49 (D.C. 2001).  "To qualify as a withholding provision, a statute must be 'the product of

congressional appreciation of the dangers inherent in airing particular data' and must

'incorporate[] a formula whereby the administrator may determine precisely whether the

disclosure in any instance would pose the hazard that Congress foresaw.'" Wisconsin Project on

Nuclear Arms Control v. Dep't of Justice, 317 F.3d 275, 290 (D.C. Cir. 2003) (quoting American

Jewish Congress v. Kreps, 574 F.2d 624, 628-29 (D.C. Cir. 1978)); see also Irons & Sears v.

Dann, 606 F.2d 1215, 1220 (D.C. Cir. 1979) ("only explicit nondisclosure statutes that evidence

a congressional determination that certain materials ought to be kept in confidence will be

sufficient to qualify under the exception.").

Therefore, after receipt of plaintiff's FOIA request for the Master Brief Sheets used by the

Lieutenant Colonel Selection Boards in their promotion decisions during Fiscal Years 2004 and

2005, plaintiff was informed that the documents could not be disclosed.  Pursuant to Exemption

(b)(3)(A), and in light of the prohibition on disclosure of Section 618(f), this decision was

correct.

2- Master Brief Sheets Are "Proceedings of a Selection Board" Under the Meaning of 10
   U.S.C. § 618(f)

In his complaint, plaintiff argues that the Master Brief Sheets are not "proceedings of a

selection board" under the meaning of 10 U.S.C. § 618(f), and should not be withheld under

FOIA Exemption (b)(3)(A).  See Complaint ¶¶ 22, 33.  However, it is clear that the primary

purpose of a Master Brief Sheet is to assist a selection board during its deliberations regarding whether an eligible officer should be promoted.  See Almand Dec. ¶ 4, Attachment B; Attachment O (MCO P1400.31B ¶ 3001(2)(c)).  Master Brief Sheets are a tool used during the promotion board process because they summarize important information regarding an officer's past performance, an integral part of determining which officers are best qualified for promotion . See Attachment M (SECNAVINST 1420.1B ¶ 13(d)(6)).  Moreover, the Master Briefs Sheets that plaintiff seeks were in fact considered by two separate selection boards during their deliberations, and were clearly used as a part of the board's proceedings.  While the term "proceedings" is not defined by the statute, Black's Law Dictionary defines proceedings as "[a]n act or step that is part of a larger action."  Black's Law Dictionary 1241, (8th ed. 2004).  Here, the Master Brief Sheets are essentially a step that is part of the deliberative process of the promotion board.  Therefore, the Master Brief Sheets, along with any other information which is used and discussed during the selection board's deliberative process, should not be disclosed.[3]

In In re: England, current and former Non-Liturgical Protestant chaplains and their agency filed suit against the Secretary of the Navy.  375 F.3d at 1174.  The suit alleged that "the Navy ha[d] established, promoted, and maintained religious quotas and other discriminatory practices

---

[3]Because of the confidentiality of the selection board proceedings, the records and associated Master Brief Sheets, archived in compliance with 10 U.S.C. § 628, are not stored in the database which contains the Official Military Personnel Files of all officers in the Marine Corps, the Optical Digital Imaging Records Management System ("ODIRMS").  See Attachment H ¶ 2, 7.  Rather, the records and associated Master Brief Sheets that have been used by selection boards are stored in a separate Oracle database, called PermStore.  See id. ¶ 2, 3, 5.  Only one office, the Manpower Management Support Branch, Headquarters, United States Marine Corps ("MMSB-20") has access to this database.  See id. ¶ 3.  "Outside Customers" who are granted access to ODIRMS for official use only are not permitted access to PermStore.  See id. ¶ 3, 6.

in the Navy Chaplain Corps . . . ."  Id.  "The Chaplains claim[ed] that this discrimination [was]

manifested in the policies for and operation of promotion [selection boards as well as] other

statutory selection boards."  Id.  The Chaplains asked the Secretary of the Navy to release the

selection board members from their oath of confidentiality and permit them to testify.  The

Secretary declined the request "argu[ing] that 10 U.S.C. § 618(f) barred disclosure of selection

board deliberations."  Id.  The District Court determined that the selection board proceedings

were relevant to the claims, were discoverable under Rule 26(b)(1), and should be disclosed.

However, the Circuit Court reversed that decision.  In doing so, the Court noted that:

> [d]isclosure of selection board proceedings in civil discovery would certainly
> undermine, if not totally frustrate, the purpose of Section 618(f). . . [S]election
> board members w[ould] be less likely to engage in frank and open discussion if
> such discussions [were] open to public scrutiny. . . If board members knew that
> candidates passed over for promotion could gain access to board proceedings, that
> would clearly inhibit frank assessment of candidates' relative strengths and
> weaknesses.

Id. at 1178.  Therefore, the Court held that Section 10 U.S.C. § 618(f) barred the disclosure of

promotion selection board proceedings through civil discovery.

Similarly, Section 618(f) bars the disclosure of promotion selection board proceedings

through the use of FOIA.  The Master Brief Sheets are part and parcel of the board's proceedings,

and their disclosure would frustrate the purpose of Section 618(f).  The disclosure of the

information contained in the Master Brief Sheets considered by a promotion selection board

would not only prevent frank and open discussion by board members, but would inhibit frank

and open evaluation of officers by their first and second level supervisors in formulating their

performance evaluations.  See Miller v. Dep't of the Navy, 338 F.Supp.2d 5 (D.D.C. 2005)(court

recognized the policy interest of the Navy in "encouraging open, frank discussions" in selection

board proceedings.)  In addition, preventing disclosure of information considered by selection

boards ensures that "[d]ecisions [regarding] who should be in military leadership positions and . .

. the qualifications of candidates for such positions [are] left to the expertise of the military and

[not open to public scrutiny.]"  Curtis v. Peters, 107 F Supp.2d 1, 9 (D.D.C. 2000) citing Kreis v.

Secretary of the Air Force, 866 F.2d 1508, 1514 (D.C. Cir. 1989).

      3-  The Plain Language of the Statute Calls for Withholding the Documents

      The Court in In re England noted that the plain language of the statute prohibited

disclosure of selection board proceedings.  375 F.3d at 1175.  Specifically, the Court stated that

"[i]t is well established that 'when the statute's language is plain, the sole function of the courts -

at least where the disposition required by the text is not absurd - is to enforce it according to its

terms.'"  Id. at 1177.(citing Lamie v. United States Tr., 540 U.S. 526, 533 (2004)(additional

citations omitted)).  The plain language of Section 618(f) states that the proceedings "may not be

disclosed."  The Court noted that "[t]here [was] no inherent ambiguity in the . . . phrase "'may

not be disclosed' that would justify departing from [the statute's] plain terms . . . ."  Id.  at 1177.

Moreover, this "conclusion was fortified by the fact that Congress provided an express exception

to the otherwise categorical ban on disclosure."  Id.  Specifically, the statute provides that

disclosures that are "authorized or required by the section" may be made.  Id.  Hence, the drafters

of the statute felt it necessary to specify that board proceedings could be disclosed only in

connection with the precise authorization, i.e., to submit recommendations to the Secretary of a

military department, the Secretaries of the Joint Chiefs of Staff and Defense, and ultimately the

President.  Id. Therefore, "if Congress had intended to exclude FOIA disclosures from the

statutory restrictions it could easily have done so [by simply altering the language of the statute.]"

Id. at 1178.  See Consumer Product Safety Comm. v. GTE Sylvania, Inc., 447 U.S. 102, 109

(1980). ("We are . . . reluctant to conclude that Congress' failure to include FOIA requests within

the exceptions . . . [listed in the statute] . . . was unintentional.").  "When Congress provides

[certain] exceptions in a statute, it does not follow that courts have authority to create others."

United States v. Johnson, 529 U.S. 53, 83 (2000).  "[W]here the terms of a statute are

unambiguous, judicial inquiry is complete."  In re: England, 375 F.3d at 1178 citing Adams Fruit

Co. v. Barrett, 494 U.S. 638, 642 (1990).  Hence, because Section 618(f) prohibits disclosure of

selection board proceedings, FOIA Exemption (b)(3)(A) will permit the withholding of that

information from disclosure.

    4- Disclosure of the Master Brief Sheets Will Not Enlighten the Public

    Plaintiff argues that the release of the Master Brief Sheets containing the Comparative

Assessment and Value Distribution ratings "will allow observers to more directly understand the

impact of these numbers without the subjective assessment of the career counselors [who provide

eligible officers with advice regarding their competitiveness for promotion.]" Complaint ¶ 30.

However, the only individuals who are aware of the subjective assessment of the career

counselors are the individuals who are counseled.  Releasing the Master Brief Sheets will only

allow the counseled officer to more directly understand the impact of the Comparative

Assessments and Value Distribution Ratings on promotional decisions, not the general public.

    Plaintiff also claims that the release of the Master Brief Sheets with the comparative

assessments and value distribution markings  "will provide insight into how Defendants fulfill

the authority granted to them under 10 U.S.C. § 611." Complaint ¶ 30.  However, the release of

the Master Brief Sheets will not provide insight into how the defendants fulfill their duties under

Section 611 because that statutory provision solely describes the *convening* of selection boards. See 10 U.S.C. § 611.

Finally, plaintiff argues that the release of the Master Brief Sheets will provide insight into whether and how defendants are fulfilling their responsibilities under 10 U.S.C. § 628. Complaint ¶ 31.  However, the release of the requested Master Brief Sheets will not provide such insight.  In his Complaint, plaintiff requests the Master Brief Sheets for the Lieutenant Colonel Promotion Boards for Fiscal Years 2004 and 2005 only.  Id. at ¶ 18.  However, to truly evaluate whether the defendants are fulfilling their duties or responsibilities, a far wider sampling, including numerous years and various promotion selection boards would be required.[4]   Such widespread disclosure would be more damaging to the type of confidentiality interests recognized in In re: England.  375 F.2d at 1169.  Further, even if the small sampling would provide some minimal insight into how defendants are fulfilling their duties and responsibilities, the release of the Master Brief Sheets would allow the public to scrutinize the material over which the selection board deliberated and "undermine the very purpose of confidentiality contemplated by Congress."  St. Regis Paper v. U.S., 455 U.S. 345, 360 (1982).  Significantly, releasing even redacted MBSs as plaintiff requests, will make public only one of the numerous factors that selection boards consider when selecting the officers best qualified for promotion. This unjustly presents the selection board process as mechanical, and driven primarily by

_____

[4]It appears that plaintiff requests the Master Brief Sheets for the Lieutenant Colonel Selection Boards for this two-year period because of his pending litigation seeking a Special Selection Board after these boards decided not to select him for promotion to lieutenant colonel. See McGrady v. Dep't of the Navy et al., Civil Action No. 05-1650 (GK).  However, "if there is a valid statutory privilege, then 'information may be withheld, even if relevant to the lawsuit and essential to the establishment of plaintiff's claims.'"  Baldridge v. Shapiro, 455 U.S. 345, 360 (1982).

numbers and rankings.  If anything, this limited disclosure will provide the public a misleading

and inaccurate view of the promotion board process, in direct contradiction of the policy behind

the statutes promulgated to protect it.

### III.  CONCLUSION

As set forth above, the defendants have demonstrated that they properly responded to

plaintiff's FOIA request by informing plaintiff of where to locate some of the documents he

requested, and by appropriately withholding those which were exempt from disclosure.

Accordingly, defendants respectfully request that this motion for summary judgment be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, D.C.  20530
(202) 514-6531

Of Counsel:
Major Thomas B. Merritt, Jr., USMC
Department of the Navy
General Litigation Division
Office of the Judge Advocate General
Washington Navy Yard, D.C.

15

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 30th day of June, 2006, the foregoing, and the attached

proposed Order, were mailed postage prepaid to:

Jackson L. McGrady
820 Bright Street
Fredericksburg, Virginia 22401


_____
MARIAN L. BORUM
Assistant United States Attorney

16

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JACKSON L. MCGRADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-0752 (GK)** |
| **v.** | ) | |
| | ) | |
| **DONALD C. WINTER, Secretary of the Navy, and** | ) | |
| **DEPARTMENT OF THE NAVY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Upon consideration of defendants' motion for summary judgment, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this ____ day of _____, 2006,

ORDERED that defendants' motion for summary judgment be, and it hereby is, granted;

ORDERED that this case be, and it is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT

Copies to:

Marian L. Borum
Assistant United States Attorney
501 Third Street, Fourth Floor
Washington, D.C. 20530
(202) 514-6531

Jackson L. McGrady
820 Bright Street
Fredericksburg, Virginia 22401