## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACKSON L. MCGRADY, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 1:06CV00752** |
| | ) | |
| DONALD C. WINTER, | ) | |
| SECRETARY OF THE NAVY | ) | |
| AND | ) | |
| THE DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## DECLARATION OF CAPTAIN LAWSON R. ALMAND, JAGC, USN

DECLARANT states as follows, to wit that:

1.      I am LAWSON R. ALMAND, Captain, Judge Advocate General's Corps, United States

Navy, presently on active duty and serving as Deputy Assistant Judge Advocate General (General

Litigation), Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Ave., SE,

Suite 3000, Washington Navy Yard, DC, 20374-5047.  I have served in this position since September

2005.


2.      As the Deputy Assistant Judge Advocate General (General Litigation), I am one of the

Secretary of the Navy's designated appellate authorities for administrative appeals of initial denials of

1

requests under the Freedom of Information Act (FOIA) and Privacy Act (PA). See 32 C.F.R. §§

701.19 and 701.111(c).  In this capacity, I make final decisions on administrative appeals for the

Department of the Navy.


3.      I have reviewed the Complaint in this case, and I am familiar with the Department of the Navy's

processing of Mr. McGrady's FOIA request through administrative appeal.  His request and appeal fall

within the scope of the authority delegated to me by the Secretary of the Navy.  I am responsible for

denying his appeal.   This declaration will explain which matters were administratively denied on appeal.

A chronology of the handling of Mr. McGrady's request and appeal is attached to this declaration.  See

Attachment A.

4.      On September 28, 2005, Mr. McGrady submitted a request under the FOIA to the

Commandant of the Marine Corps (CMC) requesting redacted copies of: 1) The master brief sheets,[1]

under both the 'old' and 'new' performance evaluation systems, for the sampling of records of officers

who were recommended for promotion by the Fiscal Year (FY) 2004 lieutenant colonel selection

board; 2) the master brief sheets, under both the 'old' and 'new' performance evaluation systems, for

the sampling of records of officers who were not recommended for promotion by the FY 2004

---

[1] A master brief sheet is a reference document used in the Marine Corps's personnel
management process.  Marine Corps Order P1610.7E ¶ 8005 (See Attachment B).   The master brief
sheet provides key personal data and a summary of a Marine's entire performance evaluation record.
Id.  A sample of a master brief sheet is included as an enclosure to the document (Mr. McGrady's
letter of September 28, 2005) at Attachment C.

lieutenant colonel selection board; 3) a copy of the precept[2] for the FY 2004 lieutenant colonel

selection board; 4) the master brief sheets, under both the 'old' and 'new' performance evaluation

systems, for the sampling of records of officers who were recommended for promotion by the FY 2005

lieutenant colonel selection board; 5) the master brief sheets, under both the 'old' and 'new'

performance evaluation systems, for the sampling of records of officers who were not recommended

for promotion by the FY 2005 lieutenant colonel selection board; and, 6) copy of the precept for the

FY 2005 lieutenant colonel selection board. <u>See</u> Attachment C, McGrady letter of September 28,

2005.


5.    CMC received Mr. McGrady's request on October 4, 2005, and assigned it FOIA file number

200600007.  But since the records that Mr. McGrady sought were not maintained by CMC's FOIA

office, CMC  informed him on October 5, 2005 that his request could not be processed within the

applicable time frame.  <u>See</u> Attachment D, CMC letter of October 5, 2005, Attachment E, HQMC

route sheet of October 5, 2005, Attachment F, MMPR letter of November 4, 2005, Attachment G,

statement of Mr. Robert L. Sunday of June 28, 2006, and, Attachment H, statement of Mr. Michael D.

Cheeseman of June 28, 2006.  CMC also informed Mr. McGrady that he could consider the Marine

Corps's inability to process his request in accordance with the time frame to be an adverse

---

[2] A precept is defined by regulation as "the legal document which orders a selection board to
convene.  It is in the form of a letter from the Secretary of the Navy to the president of the board.  The
precept provides instructions governing the proceedings of the board ans appoints the president,
members, and recorders to the selection board."  Marine Corps Order P1400.31B (<u>See</u> Attachment
C).

determination, which would allow him to file an appeal. Mr. McGrady filed his appeal with my office by letter dated October 13, 2005. See Attachment I, McGrady letter of October 13, 2005. But before his appeal could be acted upon, CMC denied part of his request.

6.    By letter dated November 17, 2005, CMC advised Mr. McGrady that some of the information he sought was publicly available via the Internet. Specifically, "the FY04 and FY05 USMC Lieutenant Colonel Promotion Selection Board precepts [could] be downloaded form [sic] the Marine Corps Promotion Branch web page." CMC also provided the web page's Internet address. Mr. McGrady was further advised the master brief sheets were identified and retrieved but were withheld from disclosure based upon exemption (b)(3) of the FOIA, applying the statutory disclosure exemption contained in 10 U.S.C. § 618(f).[3] See Attachment J, CMC letter of November 17, 2005.

7.    Mr. McGrady appealed CMC's denial by letter of January 4, 2006 and received in my office January 10, 2006. See Attachment K, McGrady letter of January 4, 2006. His appeal was assigned tracking number F06047. I considered Mr. McGrady's argument and his citation to case law in support of his position. I determined his argument was without merit and the cases he cited actually supported CMC's position that the materials in question were exempt from disclosure.

---

[3]10 U.S.C. § 618(f) states "[e]xcept as authorized or required by this section, proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board."

8.      On February 23, 2006, I denied both of Plaintiff's appeals.  First, I concluded his October 13, 2005 appeal based on a delayed response from CMC was moot because CMC had subsequently responded.  See Attachment L, DAJAG letter of February 23, 2006.  Second, I concluded his request for the master brief sheets fell under FOIA Exemption (b)(3)(A) which requires agencies to withhold information that is "specifically exempted from disclosure by statute . . . provided that such statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue".  10 U.S.C. § 618(f) is such a statute in that it categorically and unequivocally prohibits release of selection board proceedings, except in circumstance not relevant to Mr. McGrady's case.  See Attachment L, DAJAG letter of February 23, 2006.

Pursuant to 28 U.S.C. § 1746(2), I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 28th Day of June, 2006 in Washington, D.C.

28th June 2006
Date

LAWSON R. ALMAND
Captain, JAGC, U.S. Navy

# Attachment A

# PROCESSING CHRONOLOGY OF MR. MCGRADY'S FOIA REQUEST

**October 4, 2005**   The Commandant of the Marine Corps's (CMC's) FOIA office receives Mr. McGrady's request for:

1) the master brief sheets, under both the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were recommended for promotion by the FY 2004 lieutenant colonel selection board;

2) the master brief sheets, under both the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were not recommended for promotion by the FY 2004 lieutenant colonel selection board;

3) a copy of the precept for the FY 2004 lieutenant colonel selection board;

4) the master brief sheets, under both the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were recommended for promotion by the FY 2005 lieutenant colonel selection board;

5) the master brief sheets, under both the 'old' and 'new' performance evaluation systems, for the sampling of records of officers who were not recommended for promotion by the FY 2005 lieutenant colonel selection board;

6) a copy of the precept for the FY 2005 lieutenant colonel selection board.

**October 5, 2005**   CMC replies to Mr. McGrady, informing him that his case cannot be processed within the specified time limits and this conclusion is an "adverse determination" for the purposes of an appeal. CMC also informs him of his appellate rights.

**October 13, 2005**   Mr. McGrady appeals CMC's October 5, 2005 adverse determination to the Navy Judge Advocate General.

**November 17, 2005**   CMC replies to Mr. McGrady's request, informing that the precepts for the FY 2004 and FY 2005 lieutenant colonel selection boards are publicly available on the Marine Corps website and that his request for the master brief sheets relating the FY 2004 and FY 2005 lieutenant colonel selection boards is denied because it is exempt from disclosure under FOIA exemption (b)(3).

**January 4, 2006**  Mr. McGrady appeals CMC's November 17, 2005 adverse determination to the Navy Judge Advocate General.

**February 23, 2006**  Deputy Assistant Judge Advocate General denies Mr. McGrady's appeal.

**April 25, 2006**  Mr. McGrady files suit in the United States Court of Federal Claims

# Attachment B



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
2 NAVY ANNEX
WASHINGTON, DC 20380-1775

MCO P1610.7E
MMSB-30
3 Dec 98

<u>MARINE CORPS ORDER P1610.7E W/ERRATUM AND CH 1-9</u>

From: Commandant of the Marine Corps
To:   Distribution List

Subj: PERFORMANCE EVALUATION SYSTEM (SHORT TITLE: PES)

Ref:  (a) U.S. Navy Reg. 1990, art. 1129
      (b) MARCORMAN, par 2500.3

Encl: (1) LOCATOR SHEET

Report Required: USMC Fitness Report (Report Symbol EXEMPT), par. 1001

1. <u>Purpose</u>. To publish the policies, procedures, and standards for the operation and maintenance of the Marine Corps Performance Evaluation System, and the submission of fitness reports on sergeants through major generals as required by references (a) and (b).

2. <u>Cancellation</u>. MCO P1610.7D.

3. <u>Background</u>

   a. The fitness report provides the primary means for evaluating a Marine's performance to support the Commandant's efforts to select the best qualified personnel for promotion, augmentation, resident schooling, command, and duty assignments. The completion of fitness reports is a critical responsibility. Inherent in this duty is the commitment of our commanders and all reporting officials to ensure the integrity of the system by giving close attention to accurate marking and timely reporting. Every commander and reporting official must ensure the scrupulous maintenance of this evaluation system. Inaccurate marking only serves to dilute the actual value of each report.

   b. The Performance Evaluation System (PES) has changed completely, creating a new paradigm requiring an entirely new approach to performance reporting. All commanders, reporting officials, and Marines reported on (MROs) must completely familiarize themselves and comply with the significant policy changes contained herein.

DISTRIBUTION STATEMENT A: Approved for public release; distribution is unlimited.

fitness reports into the automated system, forwarding correct reports to the CMC (MMSB-20) for inclusion in the OMPF, and providing liaison for MMSB board support.

3. **Reserve Matters Unit (MMSB-34)**.  The Reserve Matters Unit (MMSB-34) specifically monitors Reserve Component issues and manages fitness report matters that are unique to Reserve organizations and functions.

    a.  Reserve commanders who have inquiries or who are assisting their Marines with performance evaluation issues, should direct their correspondence to the CMC (MMSB-34).

    b.  Members of the IRR should correspond directly to the CMC (MMSB-34).

8004.  **EDUCATION**.  The keys to preserving and improving the quality of performance evaluations are knowledge and understanding of PES policy and Marine Corps values.  This is achieved through the education of all reporting officials.  The CMC accomplishes this goal as follows:

1.  **Performance Evaluation System Manual**.  Commanders will ensure that RSs, ROs and senior enlisted advisors have access to, and understand, all current PES directives.

2.  **Formal Schools**.  All officer and enlisted professional military education courses of instruction, taught through the Marine Corps Combat Development Command, will contain instruction devoted to the PES.

3.  Unit Training.  Commanders will ensure that all MROs and reporting officials are knowledgeable of applicable provisions of the PES.

8005.  **MASTER BRIEF SHEET (MBS)**.  The MBS is a ready reference document used in the personnel management process.  The MBS provides key personal data and a summary of a Marine's performance evaluation record.  The MBS has two sections:

1.  **Header Data**.  Provides service information extracted directly from the MCTFS (see Appendix J).

2.  **Fitness Report Listing**.  Provides a synopsis of all reports recorded in the system, and reflects data taken from sections A, D, E, F, G, H, and item 2 of section K of the fitness report (see Appendix K).

8006.  OFFICIAL MILITARY PERSONNEL FILE (OMPF).  The OMPF contains a Marine's complete military history from the day of entry into the Marine Corps through the present.  Marine Corps Order P1070.12, IRAM, contains a listing of material appropriate for insertion in the OMPF.  The Records Management Section (MMSB-20) maintains the OMPF.  The OMPF consists of the following distinct informational areas:

# Attachment C

J. L. McGrady
820 Bright Street
Fredericksburg, VA 22401
Work 703.784.2902
Home 540.371.3792
jmcgrady@verizon.net

September 28, 2005

Teresa (Tracy) D. Ross
Commandant of the Marine Corps
Headquarters, U.S. Marine Corps (ARSE)
2 Navy Annex
Washington DC 20380-1775
telephone number: (703) 614-4008/3685
fax number: (703) 614-6287
e-mail address: rosstd@hqmc.usmc.mil

Subj:   FREEDOM OF INFORMATION ACT REQUEST

Dear Ms. Ross,

     Per SECNAVINST 1401.1B, Headquarters Marine Corps
(Code:  MM) is required to maintain a sampling of records
of officers of each competitive category who were
recommended for promotion, and records of each competitive
category who were not recommended for promotion by the
selection board.  I am presuming that these records will
contain the Master Brief Sheet, under both the "old" and
"new" or current performance evaluation systems, for each
record.

     Under the provisions of 5 U.S.C. § 552 (Freedom of
Information Act), I request copies of the following:

     1.   The Master Brief Sheets, under both the "old" and
"new" performance evaluation systems, for the sampling of
records of officers who were recommended for promotion by
the FY 2004 lieutenant colonel selection board;

     2.   The Master Brief Sheets, under both the "old" and
"new" performance evaluation systems, for the sampling of
records of officer who were not recommended for promotion
by the FY 2004 lieutenant colonel selection board.

     3.   A copy of the precept for the FY 2004 lieutenant
colonel selection board;

4. The Master Brief Sheets, under both the "old" and "new" performance evaluation systems, for the sampling of records of officers who were recommended for promotion by the FY 2005 lieutenant colonel selection board;

5. The Master Brief Sheets, under both the "old" and "new" performance evaluation systems, for the sampling of records of officer who were not recommended for promotion by the FY 2005 lieutenant colonel selection board.

6. A copy of the precept for the FY 2005 lieutenant colonel selection board.

I will pay for any costs associated with the processing of this request up to $250. If you anticipate the cost will exceed this amount, I request that you contact me with the expected amount so that I may make a determination if I wish to pay the cost.

I wish to emphasize that I am not seeking personal identifiers of any of the records and anticipate that you will redact these identifiers. As enclosure (1) to this request, I have attached a sample of what I would consider to be a properly redacted Master Brief Sheet under the "new" or current performance evaluation system. As enclosure (2) to this request, I have attached a sample of what I would consider to be a properly redacted Master Brief Sheet under the "old" performance evaluation system. Based on the level of redaction, there is no possible way by which the Master Brief Sheet could be connected to a particular officer. As such, no privacy interest is implicated. Further, providing the requested data will further a core purpose of the FOIA by shedding light on how the Marine Corps performs its statutory duties under 10 U.S.C. § 628.

Please mail any responsive documents to my home address listed above. If you have any questions or need any clarification of my request, my contact information is also listed above.

J. L. MCGRADY

Cc: Code: MMPR

| NAME | SSN | GRADE | RANK DESCRIPTION | DOR | COMP | LINEAL NO | PMOS | AMOS/AMOS | GT/GCT | PERM GR | PERM DOR |
|---|---|---|---|---|---|---|---|---|---|---|---|

| DOB | DEAF | PEBD | AFADBD | AC NAV BD | ACC 1ST COMM | DOR 1ST COMM | DOR 1ST LDO | DSG PILOT | DCADB | EAS | DCTB | OSCD | CONTRACT LEGAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

DECORATIONS    MILITARY EDUCATION    CIVILIAN EDUCATION    LANGUAGES

## REPORT SUMMARY

Date: 08/26/2004

PAGE 1 OF

| MONITORED COMMAND / ORGANIZATION/SCHOOL / REPORTING SENIOR | OCC | BEGIN END DATE | MISSION / CHARACTER / LEADERSHIP / INTELLECT / EVAL RESP | PROMOTION | COM ADV | #RPTS @PROC | REL VAL @PROC | #RPTS CUM | REL VAL CUM | RO CONCURS |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | TR | 19980901 / 19990315 | RO: E D E E E D | E E F E F | E F D | D X | COM ADV: 2 | N/A | 11 | 100.00 | Y X |
|  |  |  | 0/1 0/2 0/3 5/4 22/5 35/6 4/7 0/8 | FitRep Avg: 4.86 | | RS Cum Avg: | | | RS High: 4.86 | |
| 2 | AN | 19990316 / 19990731 | RO: E D E E F D | D E E D E | E E E | H X | COM ADV: 1 | N/A | 3 | 80.00 | X |
|  |  |  | 0/1 0/2 0/3 0/4 2/5 0/6 1/7 0/8 | FitRep Avg: 4.77 | | RS Cum Avg: 4.95 | | | RS High: 4.95 | |
| 3 | AN | 19980801 / 20000731 | RO: E E E F E E | F E E D F | E E D | F E H X | COM ADV: 2 | N/A | 3 | 94.00 | X |
|  |  |  | 0/1 0/2 0/3 0/4 2/5 0/6 1/7 0/8 | FitRep Avg: 5.08 | | RS Cum Avg: 5.08 | | | RS High: 4.95 | |
| 4 | TR | 20000801 / 20010723 | RO: F F F E E E | E E E D E | E E E | H X | COM ADV: 1 X | N/A | 6 | 92.65 | X |
|  |  |  | 0/1 0/2 0/3 1/4 9/5 30/6 19/7 0/8 | FitRep Avg: 5.08 | | RS Cum Avg: 4.92 | | | RS High: 5.5 | |
| 5 | TR | 20010724 / 20020816 | H H H H H H H H H H H H H H | X | | N/A | | | RS High: | |
|  |  |  |  | FitRep Avg: | | RS Cum Avg: | | | RS High: | |

MASTER BRIEF SHEET — NAVMC HQ 466

DATE: 08/12/92

PAGE 1 OF 1

LANGUAGES
NONE

SPL INFO

MONITORED COMMAND
ORGANIZATION/SCHOOL

DUTY ASSIGNMENT
GRADE

RANK DESCRIPTION

MILITARY EDUCATION

| OCC NO | BEGIN DATE END DATE | PERFORMANCE | QUALITIES | VALUE & DISTRIBUTION | DES |
|---|---|---|---|---|---|
| | 871215 | N N N N | N N N N N N | N X | P |
| TD | 880330 | O N O N E O | N O O O O N E | X P | |
| | 880715 | | N O O O O N | X 1 | |
| SA | 890131 | O N E N E O N | O O O O N E | | 2 |
| GC | 890411 | | O O O O O N | | |
| | 890520 | N N N N | N O O O N | | |
| | 900101 | | D N O O O O N | X 3 | P |
| | 900513 | | | X 1 | P O |
| TR | 900801 | O N O O E N | O O N E N O | X 1 | P O |
| | 901126 | | O O O O O N | | |
| TR | 910101 | | O N O O O N | | |
| | 910625 | | O N O O O O N | | |
| GC | 920101 | O N E O O N | O N O O O D | P | |
| | 920331 | | | | |

S U M M A R Y

SEE AUDIT AND CORRECTION INSTRUCTIONS — SEE MCO P1610.7
SETTING OF RECENTLY SUBMITTED REPORTS CANCELS CURRENT REPORT
LINE PERFORMANCE EVALUATION RECORD — SEE ALMAR 195/89

# Attachment D

**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
2 NAVY ANNEX
WASHINGTON, DC 20380-1775

IN REPLY REFER TO:

5720
ARSF-B/5U101858
October 5, 2005

MR J L MCGRADY
820 BRIGHT STREET
FREDERICKSBURG VA 22401

Dear Mr. McGrady:

This refers to your September 28, 2005 Freedom of Information Act (FOIA) request, in which you seek the FY2004 and FY2005 master brief sheets used in both the "old" and "new" performance evaluation systems for the sampling of records of officers who were and were not recommended for promotion by the FY2004 and FY2005 lieutenant colonel selections; and the precepts for the FY2004 and FY2005 lieutenant colonel selection boards. Your request was received by this Headquarters on October 4, 2005, and has been controlled under file number HQMC-200600007.

Please be advised that I am unable to provide you a substantive response to your request at this time since the information you seek is not maintained by this office. However, I have initiated a search of HQMC files to locate and retrieve the requested document(s). Upon completion of that search, we will review any identified responsive material and will apprise you of its releasability under the FOIA.

In light of the above, you may consider this an adverse determination that may be appealed for timeliness to the Judge Advocate General (Code 14), 1322 Patterson Avenue SE, Suite 3000, Washington Navy Yard, DC 20374-5066. Your appeal, if any, must be postmarked within 60 calendar days from the date of this letter to be considered and should include a copy of this letter. Additionally, your letter of appeal should contain a written statement indicating why you believe that we have not acted in a timely manner. I recommend that your letter and the envelope both bear the notation "Freedom of Information Act Appeal."

However, should you elect to wait a substantive response, I can assure that your right to appeal any information that might be denied will not be prejudiced in any way. Should you have questions concerning this action, please contact me at (703) 614-4008.

I am the official responsible for the adverse determination at this Headquarters.

Sincerely,

TERESA D. ROSS
Head, Freedom of Information/Privacy Acts Section
Security Programs & Information Mgmt Branch
Administration & Resource Mgmt Division
By direction of the
Commandant of the Marine Corps

# Attachment E

## HEADQUARTERS MARINE CORPS ROUTING SHEET (5211)
## NAVMC HQ 335 (REV. 09-03)

ARSF-B/5U101850

**1 DATE:** 05 Oct 05

**3 SUBJECT:**

**FOIA REQUEST OF J.L. MCGRADY;**
**ARSF FILE NUMBER HQMC-200600007**

### 2 OPERATION CODE

X - ORIGINATOR OF OFFICE AFFIXING ROUTING SHEET
A - APPROPRIATE ACTION
B - GUIDANCE
C - SIGNATURE
D - COMMENT
E - RECOMMENDATION
F - CONCURRENCE

G - INFORMATION
H - RETURN TO:
   Room 3134 Navy Annex
I - INITIAL
J - DISPOSITION
K - DECISION
L - RETENTION
O - (OTHER)

ROUTING - Use numbers to show order of routing

| 4 RT | 5 CODE | 6 ADDRESSEES | | 7 DATE IN | 7 DATE OUT | 8 INITIALS CONCUR | 8 INITIALS NONCONCUR |
|---|---|---|---|---|---|---|---|
| //// | | COMMANDANT | CMC | | | | |
| //// | | MILITARY SECY | MILSEC | | | | |
| //// | | ASST COMMANDANT | ACMC | | | | |
| //// | | MILITARY ASST | MILASST | | | | |
| //// | | SGTMAJMARCOR | SMMC | | | | |
| //// | | DIR MARCORSTAFF | DMCS | | | | |
| | | EXEC EDITOR | EDITOR | | | | |
| | | COUNSEL FOR CMC | CL | | | | |
| 1 | ADH | DC M&RA | MMPR-1 | | | | |
| | | DC I&L | L | | | | |
| | | DC PP&O | P | | | | |
| | | DC AVN | A | | | | |
| | | DC P&R | R | | | | |
| | | DC CDC/CG MCCDC | CDC | | | | |
| | | DIR INTEL | I | | | | |
| | | DIR C4 | C4 | | | | |
| | | SJA TO CMC | JA | | | | |
| | | LEGIS ASST | OLA | | | | |
| | | DIR PA | PA | | | | |
| | | DIR AR | AR | | | | |
| | | IGMC | IG | | | | |
| | | DIR HEALTH SERV | HS | | | | |
| | | CHAPLAIN | REL | | | | |
| | | DIR SPL PROJ | SPD | | | | |
| | | SAFETY | SD | | | | |
| | | CG MCCDC | MCCDC | | | | |
| | | CG SYSCOM | SYSCOM | | | | |
| | | CG MORC | MORC | | | | |
| | | HQBN | HQBN | | | | |
| | | MARBKS | MARBKS | | | | |

DIRECTOR OF ADMINISTRATION AND RESOURCE MANAGEMENT

| | DIRECTOR | AR | | | | |
|---|---|---|---|---|---|---|
| | DEP DIRECTOR | AR | | | | |
| | ADMIN OFFICER | AR-1 | | | | |
| | ADMIN CHIEF | AR-1 | | | | |
| | PUB&LOGMGTBR | ARD | | | | |
| | INFOSYSMGTBR | ARI | | | | |
| XX | SCTYPRG&INFOMGTBR | ARS | 10/5 | M | by DA |
| X | FOIA/PA SECTION | ARSE | 10/5 | | |

**9 NATURE OF ACTION REQUIRED:** ROUTINE / URGENT

**ORIGINATOR'S INITIALS:** GD

**DUE DATE (if any):** 31 Oct 05

**10 REMARKS AND SIGNATURE**
(If additional space is necessary, attach plain paper)

Ref: (a) SECNAVINST 5720.42F

Encl: (1) Requester's ltr dtd 28 Sep 05
(2) DD Form 2086

1. By enclosure (1), the requester is seeking the FY2004 and FY2005 master brief sheets used in both the "old" and "new" performance evaluation systems for the sampling of records of officers who were and were not recommended for promotion by the FY2004 and FY2005 lieutenant colonel selections; and the precepts for the FY2004 and FY2005 lieutenant colonel selection boards.

2. Please conduct a search of your files to locate and retrieve any responsive documents and provide copies of all responsive documents to this office for processing.

3. If you believe any identified responsive document to contain data that should not be disclosed to the public, you are asked to highlight the specific information in yellow and to provide a separate written comment explaining why you believe the highlighted data should not be disclosed. Your written comment should also provide the name and title of the FOIA Initial Denial Authority for MMPR-1.

4. Upon completion of processing, please fill out enclosure (2) to reflect the amount of time and resources expended by all M&RA personnel during the processing of this action.

5. Enclosure (1) should be returned to CMC (ARSF), along with copies of all identified responsive documents and written comments (if applicable), and the completed enclosure (2). We will coordinate any necessary submitter notice requirements, prepare the final correspondence to the requester, and will maintain the FOIA administrative record plus all required FOIA reporting statistical data.

6. Questions concerning this matter may be directed to me at (703) 614-4008/3685.

TERESA D. ROSS
By direction

**11 ACTION OFFICER (Name, Grade, Office Code, Telephone Number)**
Ginger Dolen (ARSF-B) (703) 614-4008 or dolengv@hqmc.usmc.mil

# Attachment F

1400
MMPR

04 NOV 2005

MMPR COMMENT ON ARSE r/s dtd 5 October 2005

Subj:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST OF MAJOR
       JACKSON L. MCGRADY; FILE NO. 200600007

Ref: (a) FOIA req dtd 28 September 2005
     (b) SECNAVINST 5720.42F (FOIA Handbook)
     (c) SECNAVINST 5211.5D (PA)

1.  Per reference (a) the Promotion Branch was asked to
provide the following:  (1) Precepts from the FY04 and FY05
USMC Lieutenant Colonel Promotion Selection Boards; and (2)
master brief sheets, under both the old and new performance
evaluation systems, from the sampling of records of
officers who were recommended for promotion and who were
not recommended for promotion by the FY04 and FY05 USMC
Lieutenant Colonel Promotion Selection Boards.

2.  The FY04 and FY05 USMC Lieutenant Colonel Promotion
Selection Board precepts are available on the Promotion
Branch's webpage.

3.  Section 618(f) of title 10, U.S. Code states that board
proceedings may not be disclosed to any person not a member
of the board.  It is our position that master brief sheets
from the sample cases fall under the scope of board
proceedings and therefore are not releasable to the public.
Further, the master brief sheets of the sample cases
requested by Major McGrady are primarily internal and their
disclosure will create the risk of circumvention of Special
Selection Board procedures.  Therefore, we request that
master brief sheets be exempted from disclosure in their
entirety.

4.  The point of contact on this matter is Mrs. Susan Reed,
MMPR-1 (Officer Promotion Section), at DSN 278-9705 or comm
(703) 784-9705.

L. W. FREUND

# Attachment G

Subj:  Statement of Mr. Robert J. Sunday Regarding the Records
       Search Conducted in the Case of Jackson L. McGrady

1.  My name is Robert J. Sunday and I am employed at the Officer
Promotion Section of Headquarters Marine Corps Manpower and
Reserve Affairs.  I have worked at the Officer Promotion Section
for 8 years.  It is the Officer Promotion Section's
responsibility under title 10 U.S.C. section 628 to maintain
sample records for the purpose of convening Special Selection
Boards.

2.  These sample records are stored in a server controlled by
Manpower Management Support Branch (MMSB).  When we need the
sample records, our office provides the information to MMSB
regarding the promotion board in question, and they forward the
sample records to us.

3.  This is the process my office would follow in obtaining
documents responsive to requests under the Freedom of
Information Act.

The preceding information is true and correct to the best of my
knowledge.


Robert J. Sunday                    6/28/06
Robert J. Sunday                    Date

# Attachment H

## STATEMENT OF MICHAEL DAVID CHEESEMAN MANPOWER MANAGEMENT SUPPORT BRANCH, HEADQUARTERS, UNITED STATES MARINE CORPS

1.  I am Michael David Cheeseman and I am a management analyst assigned to the Manpower Management Support Branch, Headquarters, United States Marine Corps (MMSB-20) in Quantico, VA.  I work in the records management section of MMSB-20.  I have held this position since 1998. Additionally, while on active duty in the Marine Corps, I also worked at MMSB-20 from 1994 until my retirement in 1997.

2.  As part of my official duties, I am responsible for the storage and retrieval of data from the Official Military Personnel File (OMPF) of all officers in the Marine Corps. This Marine Corps database, called Optical Digital Imaging Records Management System (ODIRMS), contains the current service record data for every active duty officer in the Marine Corps. I am also familiar with the preparation of a document known as a Master Brief Sheet (MBS), which is used by regular selection boards and special selection boards (SSB's) alike. Because of the nature of my duties, I am familiar with both the relevant databases and the process for storing and retrieving MBS's.  In addition, I am familiar with the separate process of archiving sample records, after each officer selection board, and when otherwise directed, in the event that the Secretary of the Navy convenes an SSB.  My duties also include the capturing of the aforementioned archive data from the Digital Boardroom (DBR) database to be separately stored in an electronic archive known as a "PermStore."

3.  Since approximately 1997, ODIRMS has allowed authorized users to obtain a current synopsis of each officer's career history and personal information as pulled from his or her OMPF.  The synopsis data page from the system is known as a Master Brief Sheet (MBS).  Just as a service record may not be accessed by the public for privacy reasons, the ODIRMS system is not accessible by individuals.  The only office authorized to maintain the ODIRMS is my office, MMSB-20. Other authorized users, known as "outside customers" are granted access to ODIRMS for official use only.  The ODIRMS system of records does not include archived versions of MBS's, rather it allows access to only current MBS's of

1

particular Marines by outside customers. Authorized outside customers can access MBS's by name or by social security number.

5. In addition to maintaining ODIRMS, my duties also include the provision of data captures from DBR to the PermStore database after the adjournment of each regular promotion board. After a regular selection board is adjourned, Manpower Management Promotions Branch (MMPR) collects a sampling of records to be used for future SSBs. These records constitute the entire OMPF of the officers selected and are electronic in form.

6. This sampling of records, which includes the OMPF and MBS, is archived to PermStore, a separate Oracle database. The MBS's that have been archived in PermStore for the requested social security numbers are not accessible by ODIRMS, nor are they updated as the MBS's in ODIRMS are. There are no outside customers who have access to the "PermStore" records. Only MMSB-20 has such access.

7. If and when an SSB is directed, MMPR provides MMSB-20 with a list of social security numbers representing the officers whose records were stored as part of the sampling for a given selection board. ODIRMS does not contain information within the system that would allow authorized users or MMSB-20 personnel to know which records were archived to the "PermStore" database. Upon request by MMPR, MMSB-20 retrieves the sampling using the social security numbers they provide. In addition to providing the full electronic OMPF for each officer, we also populate a template that becomes the Master Brief Sheet (MBS) of each officer's archived records in the sampling by accessing the "PermStore" database and providing them with the archived version of the MBS. This is identical to the MBS formerly provided to the promotion board from which the sampling was collected, and provides the members of an SSB with confidential insight into the subjective factors and weight that original board members had given each factor.

8. The OMPF's stored in the ODIRMS database are accessible to various authorized users. When an officer requests a copy of his or her MBS for review, the MBS template is populated with current information from the ODIRMS database, and is provided to the requesting officer. ODIRMS cannot provide an archived version of an officer's MBS.

I declare under penalty of perjury that the foregoing is true and correct.


_6/28/06_____
Date

MICHAEL DAVID CHEEESEMAN

# Attachment I

J. L. McGrady
820 Bright St.
Fredericksburg VA 22401
Work 703.784.2902
Home 540.371.3792

October 13, 2005

Judge Advocate General
Washington Navy Yard
1332 Patterson Ave, SE
Suite 3000
Washington DC 20374-5066

Re:   FREEDOM OF INFORMATION ACT APPEAL

Dear Sir/Madam,

On September 28, 2005, I submitted a request, citing 5 USC § 552 (Freedom of Information Act). A copy of the request is enclosed as exhibit 1 to this letter. I note that I included copies of how I would expect the redacted copies of the requested documents to appear to insure that that no person's privacy interest is affected.

By correspondence dated October 5, 2005, I was notified that my request was being processed. A copy of that letter is included as exhibit 2 to this letter. The letter indicated that it could be considered as an adverse determination and that I could file an appeal. Please consider this my appeal.

I recognize that this appeal is based on timeliness and that a determination of releasability has not yet been made by the IDA. I understand that my request will likely take several months to process but, for a variety of reasons, I anticipate that my request will be ultimately denied, which would then require a second appeal to you. Therefore, in the interest of time, I would ask that your office make a determination at this point as to the releasability of the requested documents. I understand that this may be unusual. However, in exchange for your agreement to this proposal, I would be willing to negotiate an expansion of the statutorily imposed time frame for processing a response.

Sincerely,

J. L. MCGRADY

# Attachment J

**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
2 NAVY ANNEX
WASHINGTON, DC 20380-1775

IN REPLY REFER TO:

5720
ARSF-B/5U102054
November 17, 2005

MR J L MCGRADY
820 BRIGHT STREET
FREDERICKSBURG VA 22401

Dear Mr. McGrady:

This refers to your September 28, 2005 Freedom of Information Act (FOIA) request, in which you seek to obtain copies of the FY04 and FY05 Master Brief sheets used in both the "old" and "new" performance evaluation systems for the sampling of records of officers who were and were not recommended for promotion by the FY04 and FY05 Lieutenant Colonel selections plus copies of the precepts for the FY04 and FY05 Lieutenant Colonel selection boards. Your request was received by this Headquarters on October 4, 2005, and has been controlled under file number HQMC-200600007.

Please be advised that the FY04 and FY05 USMC Lieutenant Colonel Promotion Selection Board precepts can be downloaded form the Marine Corps Promotion Branch (MMPR) web page, which can be accessed from the U.S. Marine Corps Manpower and Reserve Affairs website at *https://www.manpower.usmc.mil*.

Additionally, as a result of a search conducted of the files maintained by MMPR, the responsive FY04 and FY05 Master Brief sheets were identified and retrieved. However, knowledgeable personnel within the MMPR Branch have determined that Master Brief sheets fall within the scope of selection board proceedings and therefore, pursuant to provisions established by 10 U.S.C. § 618(f), cannot be disclosed to any person not a member of the board. Accordingly, since exemption (b)(3) of the FOIA precludes the disclosure of information prohibited from public release by another federal statue, the responsive Master Brief sheets are denied in their entirety [5 U.S.C. § 552(b)(3)].

Because your request has been partially denied, you may consider this an adverse determination that may be appealed to the Judge Advocate General (Code 14), 1322 Patterson Avenue, SE, Suite 3000, Washington Navy Yard, DC 20374-5066. Your appeal, if any, must be postmarked within 60 calendar days from the date of this letter to be considered and a copy of the letter should be attached. Additionally, you should also include a written statement indicating why you believe your appeal should be granted. I recommend your letter and the envelope both bear the notation "Freedom of Information Act Appeal."

Fees incurred by this Headquarters during the processing of your request are waived in this instance. Questions concerning this action may be directed to me or any member of my staff at (703) 614-4008. Please reference our file number, HQMC-200600007, when corresponding on this matter.

5720
ARSF-B/5U102054
November 17, 2005

    The official responsible for the partial denial of your request is Brigadier General Ronald S. Coleman, U.S. Marine Corps, the Director, Personnel Management Division, Manpower and Reserve Affairs, Headquarters, U.S. Marine Corps.

               Sincerely,

TERESA D. ROSS
Head, FOIA/PA Section
Security Programs & Information Mgmt Branch
Administration & Resource Mgmt Division
By direction of the
Commandant of the Marine Corps

2

# Attachment K

J. L. McGrady
820 Bright Street
Fredericksburg, VA 22401
Work 703.784.2902
Home 540.371.3792
jmcgrady@verizon.net

January 4, 2006

Judge Advocate General (Code 14)
1332 Patterson Ave., SE
Suite 3000
Washington Navy Yard DC 20374-5066

    Re:   FREEDOM OF INFORMATION ACT APPEAL
          CONTROL NUMBER HQMC-200600007

Dear Sir/Madam,

    On September 28, 2005, I submitted a request, citing 5
U.S.C. § 552 (Freedom of Information Act (FOIA)), to Ms.
Teresa Ross, the FOIA Head for Headquarters, U.S. Marine
Corps.  The request, a copy of which is included as exhibit
1, sought *appropriately redacted* copies of the following:

    a.  Master Brief Sheets, under both the "old" and
"new" fitness report systems, for the sampling of records
required to be maintained by SECNAVINST 1401.1B, of the
officers who were recommended for promotion by the FY 2004
lieutenant colonel selection board;

    b.  Master Brief Sheets, under both the "old" and
"new" fitness report systems, for the sampling of records
required to be maintained by SECNAVINST 1401.1B, of the
officers who were not recommended for promotion by the FY
2004 lieutenant colonel selection board;

    c.  Master Brief Sheets, under both the "old" and
"new" fitness report systems, for the sampling of records
required to be maintained by SECNAVINST 1401.1B, of the
officers who were recommended for promotion by the FY 2005
lieutenant colonel selection board;

    d.  Master Brief Sheets, under both the "old" and
"new" fitness report systems, for the sampling of records
required to be maintained by SECNAVINST 1401.1B, of the

Re:    FREEDOM OF INFORMATION ACT APPEAL
       CONTROL NUMBER HQMC-200 600007

officers who were not recommended for promotion by the FY
2005 lieutenant colonel selection board.

In my original request, I included an example of
appropriately redacted copies of the requested documents
that would ensure the privacy interests of the officers'
records that comprised the "sampling" contemplated by
SECNAVINST 1401.1B.

Ms. Ross notified me by letter dated October 5, 2005,
that she would be unable to process my request in the
timeframes contemplated by SECNAVINST 5720.42F and
indicated that I could consider her response an adverse
determination that could be appealed based on timeliness.
A copy of Ms. Ross' letter is included as exhibit 2.  On
October 13, 2005, I filed an appeal with your office.  A
copy of the appeal is included as exhibit 3.

Prior to the issuance of a decision from your office,
Ms. Ross responded to my original request by letter dated
November 17, 2005.  A copy of that letter is included as
exhibit 4.  In that letter Ms. Ross indicated that that the
responsive documents had been identified and retrieved.
However, she indicated that MMPR determined that these
sheets cannot be released pursuant to 10 U.S.C. § 618(f)
and invoked a (b)(3) exemption under the FOIA.  The letter
indicated that I could consider this an adverse decision
appealable to your office.  Please consider this my appeal.

Reliance on 10 U.S.C. § 618(f) is misplaced and does
not prohibit release.  The requested documents are not
"proceedings" within the meaning of the statute cited.  Of
the federal courts that have examined the application of
this statutory provision, it is clear that the interest to
be protected from disclosure is the actual discussions
among the board members.  *Inre: Gordon R. England,
Secretary of the Navy, et al., Petitioners*, 375 F.3d 1169
(D.C.Cir. 2004); *Miller v. Department of the Navy*, 383
F.Supp.2d. 5 (D.D.C. 2005).  As such, exemption under
(b)(3) of the FOIA is inappropriate.

Further, although not mentioned in Ms. Ross' November
17, 2005, letter, withholding the requested documents is
also inappropriate under a (b)(6) exemption.  Admittedly,

2

Re:   FREEDOM OF INFORMATION ACT APPEAL
CONTROL NUMBER HQMC-200600007

the documents requested *were* part of a "personnel file."
However, these files are now being maintained, not simply
as personnel files, but as files required to be maintained
by SECNAVINST 1401.1B in order for the agency to fulfill
its statutory responsibilities under 10 U.S.C. § 628.
Arguably, mere deletion of the officers' names from the
applicable records would suffice to protect the privacy
interest involved.  *See Department of the Air Force v.
Rose*, 425 U.S. 352 (1976).  However, my request is
dramatically more restrictive in seeking only highly
redacted copies of the associated Master Brief Sheets.  Any
possible invasion of a privacy interest is "mere
speculation" and is not a basis for withholding release.
*National Association of Retired Federal Employees v.
Horner*, 879 F.2d. 873 (D.C.Cir.1989).

Given that my request implicates no privacy interest,
the documents should be released.  Further, there is a
significant public interest in release of the documents.
Counselors from MMOA-4 routinely cite to an officer's over
and under numbers or their comparative assessments as one
of the key aspects as to whether a particular record is
competitive for promotion.  Providing the requested
documentation will allow officers to more directly
understand the impact of these numbers.

Additionally, as identified previously, the agency is
required to maintain a sampling of records to fulfill its
statutory obligations under 10 U.S.C. § 628.  Releasing the
requested information will shed some light on how the
agency is fulfilling this responsibility.

If you have any questions or need any clarification of
my request, my contact information is also listed above.

J. L. MCGRADY

3

# Attachment L

**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE  SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5720
F06047
Ser JBM/R 161
23 FEB 06

Mr. J.L. McGrady
820 Bright Street
Fredericksburg, VA 22401

SUBJECT:    YOUR FREEDOM OF INFORMATION ACT (FOIA) APPEAL

Dear Mr. McGrady:

This responds to your letters of October 13, 2005 and January 6, 2006.  In your first letter you challenged the delayed response to your request for information under the FOIA. Your second letter was an appeal of the decision by Headquarters United States Marine Corps (HQMC) to withhold Master Briefing Sheets used at the Lieutenant Colonel Promotion Selection Boards for Fiscal Years 2004 and 2005.

Your appeals are requests for a final determination under the FOIA.  For the following reasons, I deny both of your appeals.

Regarding the delayed response, HQMC did not maintain the records you requested but initiated a search for the records immediately upon receipt of your request.  You did not receive a substantive response from HQMC within the time frame required by the FOIA and you appealed.  Before this office adjudicated your appeal HQMC responded to your FOIA request by advising you where the FY04 and FY05 precepts could be located on the world wide web and by denying your request for the Master Brief Sheets. You appealed the decision to withhold the Master Brief Sheets. Your appeal concerning the delayed response is moot and no further action is required.

Turning next to your appeal of the decision to withhold the Master Brief Sheets, FOIA Exemption (b)(3)(A) requires agencies to withhold information that is "specifically exempted from disclosure by statute … provided that such statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue".  10 U.S.C. § 618(f) is such a statute in that it categorically and unequivocally prohibits release of selection board proceedings, except in circumstance

not relevant here.  The conclusions reached by the two courts in the two cases cited in your letter support this position, and not, as you argue, for release of the information.  HQMC properly withheld the Master Brief Sheets.

As the Secretary of the Navy's designee, I am responsible for this final denial of your appeal.  You may seek judicial review of this decision.

Sincerely,

L. R. ALMAND
Captain, JAGC, U. S. Navy
Deputy Assistant Judge Advocate General
(General Litigation)

2

# Attachment M



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON DC 20350-1000

SECNAVINST 1420.1B
N132F/PERS-48
March 28,2006

<u>SECNAV INSTRUCTION 1420.1B</u>

From:   Secretary of the Navy

Subj:   PROMOTION, SPECIAL SELECTION, SELECTIVE EARLY
        RETIREMENT, AND SELECTIVE EARLY REMOVAL BOARDS FOR
        COMMISSIONED OFFICERS OF THE NAVY AND MARINE CORPS

Ref:    (a) Title 10, U.S. Code
        (b) DoD Directive 1320.12 of 27 Sep 05
        (c) DoD Instruction 1320.14 of 24 Sep 96
        (d) OPNAVINST 1427.2 of 15 Aug 05
        (e) SECNAVINST 1400.1 Series
        (f) SECNAVINST 1920.7 Series
        (g) OPNAVINST 1427.1 of 8 Dec 05
        (h) DoD Instruction 1320.13 of 21 Jun 96
        (i) SECNAVINST 1401.3 Series
        (j) NAVPERS 15560D, Navy Military Personnel Manual
            (MILPERSMAN)
        (k) SECNAVINST 1920.6C of 15 Dec 05
        (l) DoD Directive 1320.11 of 27 Sep 05
        (m) DoD Directive 1332.32 of 30 Sep 96
        (n) SECNAVINST 1401.4 Series
        (o) SECNAVINST 1412.8 Series
        (p) SECNAVINST 1412.9 Series
        (q) DoD Instruction 1320.4 of 14 Mar 95

1.  <u>Purpose</u>

    a.  To revise policy and procedures for permanent promotion
and selective early retirement of commissioned officers O2 and
above, except limited duty officers (LDOs), on the Active Duty
List (ADL) and Reserve Active Status List (RASL) of the Navy and
Marine Corps per references (a), (b), and (c).

    b.  To set forth requirements to convene boards to consider
officers for selective early removal from the RASL.

    c.  To set forth requirements to convene special selection
boards to consider officers and warrant officers eligible for
promotion in or above the promotion zone, who were either not
considered by a promotion selection board, or who were

SECNAVINST 1420.1B

promotion selection boards and are determined as not being
exceptionally well qualified for promotion.

12.  Promotion Flow Point and Opportunity.  Promotion zones will
be established to meet the separate promotion requirements of
each competitive category.  This may result in different
promotion flow points and opportunity among the competitive
categories.  Within a competitive category, promotion zones will
be designed to provide relatively similar promotion opportunity
over a period of five years.

    a.  Per reference (h), the following guidelines will
normally be applied to ADL promotion plans for each competitive
category:

| Promotion To Grade | Flow Point* | Variance | Opportunity | Variance |
|---|---|---|---|---|
| O4 | 10 years | + -1 year | 80 percent | + -10 percent |
| O5 | 16 years | + -1 year | 70 percent | + -10 percent |
| O6 | 22 years | + -1 year | 50 percent | + -10 percent |

*Years of active commissioned service plus all entry grade
credit.

    b.  Promotion flow point for the Medical Corps and Dental
Corps will normally be six years service in grade based on date
of rank.

    c.  Promotion flow point and opportunity, for any
competitive category may be temporarily set outside these
guidelines when necessary to attain or to maintain the
authorized grade strength.  Proposals to deviate from the
guidelines prescribed in paragraph 12a must provide supporting
rationale and estimated time frame within which compliance with
the guidelines will become possible.

13.  Promotion Selection Boards.  Each person participating in
the conduct of a promotion selection board shall receive a copy
and review the contents of reference (c) upon receipt of
notification that they have been assigned duties in conjunction
with the conduct of a promotion selection board.

SECNAVINST 1420.1B

a.  Notice of Convening.  Per sections 614 and 14105 of reference (a), SECNAV will issue a notice of the convening of a promotion selection board at least 30 days before the board is convened.  The notice will include:

(1) The names, precedence numbers, and dates of rank, of the junior and senior officers in the promotion zone as of the date of notification.

(2) The name, precedence number, and date of rank of the junior officer eligible as of the date of notification, if applicable.

(3) The date the board will convene.

(4) Inform eligible officers of their right to communicate with the promotion selection board and of their responsibility to ensure their personnel records are substantially accurate and complete.

b.  Membership.  The composition of promotion selection boards shall be determined under sections 612 and 14102 of reference (a), as applicable.  The composition shall include a board president, members, recorders, and administrative support personnel as specified in reference (i) and whose duties and responsibilities are further outlined in reference (c).  The senior member of the board may be appointed board president. The board president will also serve as a member of the board and perform such administrative duties in connection with the board proceedings as SECNAV may prescribe in the precept.  The recorders shall keep the official record of the board proceedings and at least one recorder must be present during all board deliberations.

c.  Submission of Precepts.  CHNAVPERS and CMC will submit, not later than 10 days before the proposed convening date, a precept for each promotion selection board to SECNAV, via CNO and JAG for Navy Boards, and via CMC and JAG for Marine Corps Boards.

d.  Information to be Furnished to Promotion Selection Boards.  No person may direct that a particular officer be selected by a promotion selection board or that a promotion selection board not select a particular officer.  Per reference

SECNAVINST 1420.1B

(c), SECNAV shall issue written instructions to promotion
selection boards.  CNO and CMC shall forward to SECNAV, on an
annual basis, the content of the administrative briefings
provided to promotion selection boards for approval.  The
written instructions and guidance to a board shall not include
information on particular officers.  All information furnished
to promotion selection boards shall be made part of the board
record.  The following, information shall be furnished to each
promotion selection board at the time it is convened:

     (1) Precept.  Promotion selection boards shall be
convened by precept addressed to the president of the board and
signed by SECNAV, or designee.  The precept will include
instructions governing the proceedings of the board and will
appoint the president, members, recorders, and administrative
support personnel of the board.  The board shall adhere to the
instructions in the precept.

     (2) Skill Guidance.  The precept will provide SECNAV
guidance relating to the needs of the Navy or Marine Corps for
officers with particular skills in each competitive category,
and other information and guidelines as necessary to enable the
board to perform its functions properly.

     (3) Marine Corps precepts will specify the maximum
number or percentage, as applicable, of officers in each grade
and competitive category that the board may recommend for
promotion.

     (4) Navy precepts will specify the percentage of
officers the board may recommend from the list of eligible
officers.  CHNAVPERS will provide the maximum number of officers
that may be recommended for promotion after the final number of
eligible officers is determined as of the date the board
convenes.

     (5) CHNAVPERS or CMC, acting for SECNAV, shall provide
the names of all officers in each competitive category who are
to be considered by the board based on the criteria specified in
the annual promotion plan as of the date the board convenes.

     (6) CHNAVPERS or CMC shall supply all pertinent records
of each officer to be considered by the board.  Such records
shall include all documents, including fitness reports, that are

essential for a fair and substantially accurate and complete
portrayal of each officer's career as of the date the board
convenes. Fitness reports, personal awards or other documents
with ending dates after the convening date of the board will not
be added to these records even if received while the board is in
session. If the board requests information to amplify or
clarify official records provided to the board, the board may
request such information from SECNAV, via CNO or CMC, as
appropriate. Per reference (c) and as prescribed by SECNAV in
reference (n), information that is not part of an officer's
official record may be provided to a board if the officer is
notified that such information will be presented to the board,
the officer is provided a copy of the information that will be
provided to the board, and the officer is afforded a reasonable
opportunity to submit written comments on that information.

    e.  Only SECNAV may provide additional guidance to promotion
selection boards. Per sections 615(d) and 14107(c) of reference
(a), the written instructions, information, or guidance
furnished to a promotion selection board may not be modified,
withdrawn, or supplemented after the board submits its report to
SECNAV; except as provided in paragraph 15f.

    f.  <u>Oath</u>.  Each member of the promotion selection board
shall swear or affirm that they will perform their duties as a
member of the board without prejudice or partiality, having in
view both the special fitness of officers and the efficiency of
their service. Each recorder shall swear or affirm that they
will keep a true record of the proceedings of the board. Each
member, recorder, and administrative support personnel shall
swear or affirm that they will not divulge the proceedings of
the board except as authorized or required by SECNAV or higher
authority.

    g.  Per reference (c), the maximum number or percentage of
officers in the promotion zone authorized to be promoted within
a competitive category may not be increased after the convening
of a promotion selection board without written approval of
SECDEF.

14.  <u>Communication with Promotion Selection Boards</u>.  All
communications, other than those communications that are only
administrative in nature, shall be in writing, furnished to all
board members, and made a part of the board's record. An audio

13

# Attachment N

Headquarters, U.S.
Marine Corps

MCO P1400.31B
PCN 10201150100



# MARINE CORPS PROMOTION
# MANUAL, VOLUME 1
# OFFICER PROMOTIONS
# (SHORT TITLE: MARCORPROMMAN,
# VOL 1, OFFPROM)

DISTRIBUTION STATEMENT A:  Approved for public release; distribution is unlimited



**DEPARTMENT OF THE NAVY**
**HEADQUARTERS UNITED STATES MARINE CORPS**
**2 NAVY ANNEX**
**WASHINGTON, DC 20380-1775**

MCO P1400.31B
MMPR-1
22 Feb 2000

MARINE CORPS ORDER P1400.31B

From: Commandant of the Marine Corps
To:   Distribution List

Subj: MARINE CORPS PROMOTION MANUAL, VOLUME 1, OFFICER
      PROMOTIONS (SHORT TITLE: MARCORPROMMAN, VOL 1, OFFPROM)

Encl: (1) LOCATOR SHEET

1. <u>Purpose</u>.  To promulgate the basic instructions relating to the
administration of officer promotions in the United States Marine
Corps.

2. <u>Cancellation</u>.  MCO P1400.31A.

3. <u>Background</u>

    a. Officers are selected for promotion for their potential to
carry out the duties and responsibilities of the next higher grade
based upon past performance as indicated in their official military
personnel file. Promotions should not be considered a reward for past
performance, but as incentive to excel in the next higher grade.

    b. This Manual is designed to provide detailed information on all
aspects of the officer promotion system.  The information contained
herein is applicable to active-duty list and Reserve active-status
list officers.  In the event this Manual contradicts higher authority
guidance, the latter supersedes this Manual.

4. <u>Summary of Revision</u>.  This is a complete revision of the previous
Manual, and should be reviewed in its entirety.  Symbols to denote
deleted, revised, or added chapters/paragraphs are not reflected.
This volume contains the most recent amendments to the Defense
Officer Personnel Management Act (DOPMA), the Reserve Officer
Personnel Management Act (ROPMA), the Warrant Officer Personnel
Management Act (WOPMA), and title 10, <u>U.S. Code</u>.

5. <u>Recommendations</u>.
Recommendations for changes to the Manual are invited and should be
submitted via the appropriate chain of command to:

**DISTRIBUTION STATEMENT A:  Approved for public release;
distribution is unlimited**

MCO P1400.31B
22 Feb 2000

COMMANDANT OF THE MARINE CORPS (MMPR-1)
HEADQUARTERS, UNITED STATES MARINES CORPS
HARRY LEE HALL
17 LEJEUNE ROAD, QUANTICO, VA 22134-5104

6.  Reserve Applicability.  This Manual is applicable to the Marine Corps Reserve.

7.  Certification.  Reviewed and approved this date.


T. P. MURRAY

By direction

DISTRIBUTION:  PCN 10201150100

        Copy to:  7000110  (55)
                  7000128  (30)
                  7000027, 119  (5)
                  7000060, 093, 116, 122, 130, 138/8145004  (2)
                  7000006, 024, 025, 144/8145001  (1)

2

CHAPTER 3

BOARD PROCEDURES

3000.  <u>CONVENING</u>.  There is no prescribed procedure for convening a
selection board.  The accomplishment of the following actions, however,
are required to constitute a legally convened board:

1.  The promotion plan and precept must be signed by the Secretary of the
Navy.

2.  A copy of DoDInst 1320.14_ must be provided to each member and
recorder of the board.  The text of DoDInst 1320.14_ pertaining to
communication with and among the board shall be read to the president,
each member, and each recorder of the board.

3.  The oaths of office contained in the precept must be
administered to the president, each board member, each recorder, and all
administrative support personnel.


3001.  <u>INFORMATION PROVIDED TO SELECTION BOARDS</u>

1.  Sections 576, 615, 14106, and 14107 of title 10, <u>U.S. Code</u>, DoDInst
1320.14_, and SecNavInst 1420.1_ regulate the three types of information
that may be furnished to selection boards.  Appropriate materials, as
outlined below, are the only information that can be placed before,
requested by, or reviewed by members of the selection board.  Documents
received by selection boards will be recorded in an update material log.

    a.  <u>Official Military Personnel File (OMPF)</u>.  The primary source of
information furnished to a selection board is the OMPF which contains
fitness reports, awards, and other information specified in MCO P1070.12_.
Further details on information that can properly be furnished to selection
boards are contained in DoDInst 1320.14_, SecNavInst 1420.1_, and
SecNavInst 1412.9_.


    b.  <u>Written Communication by Eligible Officers</u>.  All eligible officers
are authorized to send communication to the selection board, per sections
614 and 14106 of title 10, <u>U.S. Code</u> and SecNavInst 1412.9_.  This
information can call attention to any matter which the officer considers
important to their case.  All information, to include third party letters,
certificates, etc. must be under cover letter requesting submission to the
selection board and endorsed by the eligible officer.  Any material
received without the officer's endorsement will be returned.  Personnel
Management Division (MMPR) must be in <u>physical receipt</u>

of this information before the board convenes, per sections 614 and 14106
of title 10, U.S. Code and SecNavInst 1412.9_.  Material can be mailed to:

COMMANDANT OF THE MARINE CORPS (MMPR-1)

ATTN:  PRESIDENT, (SPECIFIC BOARD)

HARRY LEE HALL

17 LEJEUNE ROAD, QUANTICO, VA, 22134-5104

Officers are encouraged to ensure Personnel Management Division (MMPR-1)
has physically receipted for such information.  Verification can be
accomplished via the website at: www.usmc.mil, then select Information for
and About Marines and Officer Promotion Information.

　　　c.  Discrepancy Notices.  Discrepancy notices are written requests for
clarification or amplification of information found in an officer's OMPF.
Personnel Management Division (MMSB) is the primary agency authorized to
furnish information related to discrepancy notices.  Personnel Management
Division (MMPR) is responsible for screening all information requested by
or furnished to the board to ensure it is in compliance with sections 614
and 14107 of title 10, U.S. Code, DoDInst 1320.14_, and SecNavInst
1420.1_.  In addition the following guidance will be adhered to:

　　　(1)  Board members are the only individuals authorized to submit
discrepancy notices.

　　　(2)  Discrepancy notices can only be answered if they pertain to
information included in an officer's OMPF per MCO P1070.12_.

　　　(3)  Any discrepancy notice that requests information not found in
an officer's OMPF can not be lawfully answered or furnished to the
selection board.

　　　(4)  The selection board president, members, and recorders are
prohibited from contacting officers or commands relating to discrepancy
notices.

2.  Appropriate Information.  Law and implementing regulations strictly
govern the type of information that can be provided for consideration to
selection boards.  This authorized information includes:

　　　a.  Information submitted by an eligible officer:  photographs,
letters, third party letters, certificates, etc., or

3-4

information the officer deems relevant.  Reserve officers should submit a
Reserve Qualification Summary to the board to update the board on the
Reservist's civilian employment, activities, education, and other
significant accomplishments.

    b.  Discrepancy notices requesting amplification or clarification of
information already contained in the OMPF is limited to:

        (1) Replacement copies of unreadable documents already contained
in the OMPF.

        (2) Entries contained in the Master Brief Sheet (MBS) but the
corresponding supportive documentation is absent from the OMPF, such as a
date gap.

    c.  Factual summaries of information already present in the OMPF, to
include the Master Brief Sheet (MBS) and Career Retirement Credit Report.

3.  Inappropriate Information.  The following information is inappropriate
and/or unauthorized amplification or clarification for consideration by a
selection board:

    a.  Open-source information not contained in the OMPF, such as school
and command screening messages.  Any information that is not part of an
officer's OMPF is strictly prohibited.

    b.  Established separation or retirement dates that exceed the 90-day
exclusion period.

    c.  Current medical status.

    d.  Some entries in the header of the MBS are contained for
administrative purposes (i.e. Lineal Number, Permanent Date of Rank, and
Special Information), and are not information contained in the OMPF.  In
such instances, amplification or clarification is inappropriate.

    e.  Any information received from third parties not endorsed or
forwarded by the eligible officer.

    f.  Any information regarding an action that was completed after the
date the board convened (i.e. awards certificates, fitness reports,
disciplinary actions, etc.).


3002.  PHOTOGRAPHS.  All officers in the grade of chief warrant officer
through colonel who are eligible for consideration by a selection board
are required to furnish an official photograph

# Attachment O



Headquarters, U.S.  MCO P1400.31B
Marine Corps   PCN 10201150100

# MARINE CORPS PROMOTION MANUAL, VOLUME 1 OFFICER PROMOTIONS (SHORT TITLE: MARCORPROMMAN, VOL 1, OFFPROM)

DISTRIBUTION STATEMENT A: Approved for public release; distribution is unlimited



**DEPARTMENT OF THE NAVY**
**HEADQUARTERS UNITED STATES MARINE CORPS**
**2 NAVY ANNEX**
**WASHINGTON, DC 20380-1775**

MCO P1400.31B
MMPR-1
22 Feb 2000

MARINE CORPS ORDER P1400.31B

From:  Commandant of the Marine Corps
To:    Distribution List

Subj:  MARINE CORPS PROMOTION MANUAL, VOLUME 1, OFFICER
       PROMOTIONS (SHORT TITLE: MARCORPROMMAN, VOL 1, OFFPROM)

Encl:  (1) LOCATOR SHEET

1.  Purpose.  To promulgate the basic instructions relating to the
administration of officer promotions in the United States Marine
Corps.

2.  Cancellation.  MCO P1400.31A.

3.  Background

    a. Officers are selected for promotion for their potential to
carry out the duties and responsibilities of the next higher grade
based upon past performance as indicated in their official military
personnel file. Promotions should not be considered a reward for past
performance, but as incentive to excel in the next higher grade.

    b. This Manual is designed to provide detailed information on all
aspects of the officer promotion system.  The information contained
herein is applicable to active-duty list and Reserve active-status
list officers.  In the event this Manual contradicts higher authority
guidance, the latter supersedes this Manual.

4.  Summary of Revision.  This is a complete revision of the previous
Manual, and should be reviewed in its entirety.  Symbols to denote
deleted, revised, or added chapters/paragraphs are not reflected.
This volume contains the most recent amendments to the Defense
Officer Personnel Management Act (DOPMA), the Reserve Officer
Personnel Management Act (ROPMA), the Warrant Officer Personnel
Management Act (WOPMA), and title 10, U.S. Code.

5. Recommendations.
Recommendations for changes to the Manual are invited and should be
submitted via the appropriate chain of command to:

**DISTRIBUTION STATEMENT A:  Approved for public release;
distribution is unlimited**

MCO P1400.31B
22 Feb 2000

COMMANDANT OF THE MARINE CORPS (MMPR-1)
HEADQUARTERS, UNITED STATES MARINES CORPS
HARRY LEE HALL
17 LEJEUNE ROAD, QUANTICO, VA 22134-5104

6.  <u>Reserve Applicability.</u>  This Manual is applicable to the Marine Corps
Reserve.

7.  <u>Certification.</u>  Reviewed and approved this date.




T. P. MURRAY

By direction

DISTRIBUTION:  PCN 10201150100

        Copy to:  7000110  (55)
                  7000128  (30)
                  7000027, 119  (5)
                  7000060, 093, 116, 122, 130, 138/8145004  (2)
                  7000006, 024, 025, 144/8145001  (1)

2

of this information before the board convenes, per sections 614 and 14106 of title 10, U.S. Code and SecNavInst 1412.9_.  Material can be mailed to:

COMMANDANT OF THE MARINE CORPS (MMPR-1)
ATTN:  PRESIDENT, (SPECIFIC BOARD)
HARRY LEE HALL
17 LEJEUNE ROAD, QUANTICO, VA, 22134-5104

Officers are encouraged to ensure Personnel Management Division (MMPR-1) has physically receipted for such information.  Verification can be accomplished via the website at: www.usmc.mil, then select Information for and About Marines and Officer Promotion Information.

    c.  Discrepancy Notices.  Discrepancy notices are written requests for clarification or amplification of information found in an officer's OMPF. Personnel Management Division (MMSB) is the primary agency authorized to furnish information related to discrepancy notices.  Personnel Management Division (MMPR) is responsible for screening all information requested by or furnished to the board to ensure it is in compliance with sections 614 and 14107 of title 10, U.S. Code, DoDInst 1320.14_, and SecNavInst 1420.1_.  In addition the following guidance will be adhered to:

        (1)  Board members are the only individuals authorized to submit discrepancy notices.

        (2)  Discrepancy notices can only be answered if they pertain to information included in an officer's OMPF per MCO P1070.12_.

        (3)  Any discrepancy notice that requests information not found in an officer's OMPF can not be lawfully answered or furnished to the selection board.

        (4)  The selection board president, members, and recorders are prohibited from contacting officers or commands relating to discrepancy notices.

2.  Appropriate Information.  Law and implementing regulations strictly govern the type of information that can be provided for consideration to selection boards.  This authorized information includes:

    a.  Information submitted by an eligible officer:  photographs, letters, third party letters, certificates, etc., or

information the officer deems relevant. Reserve officers should submit a Reserve Qualification Summary to the board to update the board on the Reservist's civilian employment, activities, education, and other significant accomplishments.

    b. Discrepancy notices requesting amplification or clarification of information already contained in the OMPF is limited to:

       (1) Replacement copies of unreadable documents already contained in the OMPF.

       (2) Entries contained in the Master Brief Sheet (MBS) but the corresponding supportive documentation is absent from the OMPF, such as a date gap.

    c. Factual summaries of information already present in the OMPF, to include the Master Brief Sheet (MBS) and Career Retirement Credit Report.

3. <u>Inappropriate Information</u>. The following information is inappropriate and/or unauthorized amplification or clarification for consideration by a selection board:

    a. Open-source information not contained in the OMPF, such as school and command screening messages. Any information that is not part of an officer's OMPF is strictly prohibited.

    b. Established separation or retirement dates that exceed the 90-day exclusion period.

    c. Current medical status.

    d. Some entries in the header of the MBS are contained for administrative purposes (i.e. Lineal Number, Permanent Date of Rank, and Special Information), and are not information contained in the OMPF. In such instances, amplification or clarification is inappropriate.

    e. Any information received from third parties <u>not</u> endorsed or forwarded by the eligible officer.

    f. Any information regarding an action that was completed after the date the board convened (i.e. awards certificates, fitness reports, disciplinary actions, etc.).

3002. <u>PHOTOGRAPHS</u>. All officers in the grade of chief warrant officer through colonel who are eligible for consideration by a selection board are required to furnish an official photograph