## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON L. MCGRADY, )<br><br>     Plaintiff    )<br><br>v.              )<br><br>DEPARTMENT OF THE NAVY, )<br>DONALD C. WINTER, Secretary )<br>of the Navy,       )<br><br>     Defendants   )| Civil Action No.06CV0752(GK) |

### PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment pursuant to Fed.R.Civ.P. 56, because there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. In support of this motion, Plaintiff relies upon his Complaint; Defendants' Motion for Summary Judgment, Plaintiff's Combined Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment; Plaintiff's Declaration; and all exhibits filed by the parties in this case. Plaintiff has also filed with his Cross-Motion for Summary Judgment a Statement of Material Facts to Which There is No Genuine Issue. Plaintiff has filed a Statement of Material Facts to Which There Exists a Genuine Issue in opposition to Defendants' Statement of Material Fact Not in Genuine Dispute.

RECEIVED

JUL 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


A proposed Order consistent with this motion is attached.  Plaintiff requests oral argument on the motion.

Respectfully submitted,

J. L. MCGRADY
Plaintiff
820 Bright Street
Fredericksburg, Virginia 22401
540.371.3792

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACKSON L. MCGRADY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.06CV0752(GK) |
| DEPARTMENT OF THE NAVY, | ) | |
| DONALD C. WINTER, Secretary | ) | |
| of the Navy, | ) | |
| | ) | |
| Defendants | ) | |

## STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS A GENUINE ISSUE

Pursuant to LCvR 7(h), Plaintiff submits this statement of material facts as to

which there is a genuine issue. This is submitted in opposition to Defendants'

"STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE" and included

with Defendants' motion for summary judgment. Except as noted below, Plaintiff agrees

with Defendants' "STATEMENT OF MATERIAL FACTS NOT IN GENUINE

DISPUTE."

As to Paragraph 1, Plaintiff agrees with the statement of fact as it was excerpted

from Plaintiff's September 28, 2005 FOIA request. However, Plaintiff disputes the

statement to the extent that the excerpt does not identify the amplification contained in

Plaintiff's request that he was "not seeking personal identifiers of any of the records and

anticpate[d] that [the Agency] will redact these identifiers." *See* Defendants' Motion for

Summary Judgment, Attachment C, p. 2.

As to Paragraph 5, Plaintiff agrees with the statement of facts and that it

accurately portrays the CMC's November 17, 2005. However, as to the third sentence of

the paragraph, whether the documents were properly withheld is a question of law for the Court's decision.

As to Paragraph 8, Plaintiff agrees with the statement of facts and that it accurately portrays Defendants' February 23, 2006 letter to the Plaintiff. However, as to the third sentence of the paragraph, whether the documents were properly withheld is a question of law for the Court's decision.

Respectfully submitted,

Jackson L. McGrady
Plaintiff, *Pro Se*
820 Bright Street
Fredericksburg, VA 22401
540.371.3792

Dated: July 10, 2006

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,    )
    )
        Plaintiff    )
    )
v.    )
    )    Civil Action No.06CV0752(GK)
DEPARTMENT OF THE NAVY,  )
DONALD C. WINTER, Secretary  )
of the Navy,    )
    )
        Defendants    )

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS ON WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 56.1, and in support of his Motion for Summary Judgment, Plaintiff now files this Statement of Material Facts for Which There is No Genuine Issue.

1.    On September 28, 2005, Plaintiff submitted a request, citing 5 U.S.C. § 552 (Freedom of Information Act (FOIA)), to Defendants seeking release of the following documents:

    a.    Master Brief Sheets, under both the "old" and "new" fitness report systems, for the sampling of records required to be maintained by SECNAVINST 1401.1B, of the officers who were recommended for promotion by the FY 2004 lieutenant colonel selection board;

    b.    Master Brief Sheets, under both the "old" and "new" fitness report systems, for the sampling of records required to be maintained by SECNAVINST 1401.1B, of the officers who were not recommended for promotion by the FY 2004 lieutenant colonel selection board;

    c.    A copy of the precept for the FY 2004 lieutenant colonel selection board.

    d.    Master Brief Sheets, under both the "old" and "new" fitness report systems, for the sampling of records required to be maintained by SECNAVINST 1401.1B, of the officers who were recommended for promotion by the FY 2005 lieutenant colonel selection board;

    e.    Master Brief Sheets, under both the "old" and "new" fitness report systems, for

the sampling of records required to be maintained by SECNAVINST 1401.1B, of the officers who were not recommended for promotion by the FY 2005 lieutenant colonel selection board.

      f.   A copy of the for the FY 2005 lieutenant colonel selection board.

Defendants' Summary Judgment Motion (Def. S.J. Mot.), Almand Declaration (Dec.) ¶ 4; *see* Def. S.J. Mot., Attachment C.

2.    Plaintiff's September 28, 2005 FOIA request specifically asked for redacted copies of the

Master Brief Sheets and included an example of how he believed the redacted Master Brief

Sheets should appear. Def. S.J. Mot., Attachment C. Given the level of redaction of the

document, the remaining information contained within the document could not be associated

with a particular individual. *See Id.*

3.    Defendants received Plaintiff's request on October 4, 2005, and was assigned control

number HQMC-200600007. Def. S.J. Mot., Almand Dec. ¶ 5.

4.    By letter dated October 5, 2005, Defendants informed Plaintiff that his request could not be

processed within the applicable time period. *Id.* Def. S.J. Mot., Attachment D. This letter also

informed Plaintiff that he could consider the inability to process his request within the applicable

time period to be an adverse determination, which Plaintiff could appeal. *Id.*.

5.    By letter dated October 13, 2005, Plaintiff filed an appeal with the Office of the Judge

Advocate General, Department of the Navy. Def. S.J. Mot., Attachment I. Prior to the issuance

of a decision from the Appellate authority, Defendants issued a decision that, in part, denied

Plaintiff request. Def. S.J. Mot., Almand Dec. ¶ 5.

6.    By letter dated November 17, 2005, Defendants informed Plaintiff that "the FY 04 and

FY05 USMC Lieutenant Colonel Promotion Selection board precepts [could] be downloaded

form (sic) the Marine Corps Promotion web page," and provided Plaintiff with the website

address. Def. S.J. Mot., Attachment J. The letter also advised Plaintiff that the Master Brief

Sheets he requested were identified and retrieved. *Id.* The letter asserted that the documents

were considered to be "selection board proceedings" and could not be released pursuant to 10

U.S.C. § 618(f) and cited to 5 U.S.C. § 552(b)(3) as a basis to deny release of the Master Brief

Sheets in their entirety. *Id.*

7.    By letter dated January 4, 2006, Plaintiff filed an administrative appeal with the appellate

authority. Def. S.J. Mot. Attachment K.

8.    On January 10, 2006, the Office of the Navy's Judge Advocate General received Plaintiff

January 4, 2006 appeal and assigned it tracking number F06047. Def. S.J. Mot., Almand Dec. ¶

7.

9.    By letter dated February 23, 2006, the appellate authority issued a final agency decision

denying Plaintiff's FOIA request, which sought copies of the redacted Master Brief Sheets. Def.

S.J. Mot., Almand Dec; Plaintiff's Exhibit 1. In the denial letter Defendants maintained that

Plaintiff's request for the redacted Master Brief Sheets was denied because the disclosure of the

Master Brief Sheets was exempted under FOIA Exemption (b)(3)(A) which requires agencies to

withhold information that is "specifically exempted from disclosure by statute . . . provided that

such statute requires that the matters be withheld from the public in such a manner as to leave no

discretion on the issue.: Def. S.J. Mot. Almand Dec. ¶ 8; Pl. Ex. 1; *see* 5 U.S.C. § 552(b)(3)(A).

10.    Defendants February 23, 2006 letter indicated that Plaintiff could seek judicial review of

the denial decision. Pl. Ex. 1, p. 2.

11.    To determine whether an eligible officer should be promoted, the members of the selection

board are provided with the selection board's precept, the eligible officer's official military

personnel files, and their corresponding Master Brief Sheets. Def. S.J. Mot., p. 7.    Members of

the selection board use the selection board's precept, the eligible officer's official military

personnel files, and their corresponding Master Brief Sheets during their deliberations to

determine which officers should be promoted. Def. S.J., Mot. p. 8.

12.    Selection board precepts are publicly available via the Internet. Def. S.J. Mot., Almand

Dec. ¶ 6;  Plaintiff Summary Judgment Motion (Pl. S.J. Mot.), McGrady Declaration, ¶¶ 3 and 4.

 Precepts include the names of the board members. Pl. S.J. Mot., Pl. Ex. 4; Pl. Ex. 6.  Precepts

include detailed guidance on how the board is to proceed and includes factors that board

members can and cannot consider in making their selection recommendations. *See id.*

13.    Upon the public release of the results of a promotion board, Defendants publish statistics

concerning the make-up of those officers recommended for promotion. *See* Pl. S.J. Mot.,

McGrady Declaration, ¶¶ 3 and 4; Pl. Ex. 7; Pl. Ex. 8.  This information includes education level,

race, gender and occupational specialty of those who were selected for promotion. Pl. S.J. Mot.,

Pl. Ex. 7; Pl. Ex. 8.  An officer's occupational specialty and level of education are resident on the

Master Brief Sheet. *See* Pl. S.J. Mot., McGrady Declaration, ¶ 8; Pl. Ex. 2.

14.    Defendants publish an administrative message announcing the convening of each officer

selection board. *See* Pl. S.J. Mot., McGrady Declaration, ¶ 5; Pl. Ex. 9, ¶ 4 (message announcing

the FY 2005 board) and Pl. Ex. 10, ¶ 4 (message announcing FY 2004 board).  The

administrative message encourages officers being considered for promotion to request his Master

Brief Sheets to ensure its accuracy prior to the convening of the promotion board. *See* Pl. Ex. 9,

¶ 4 and Pl. Ex. 10, ¶ 4.

15.   Defendants will issue an officer the officer's own Master Brief Sheets upon the request of

rhe officer. *See* Pl. S.J. Mot., McGrady Declaration, ¶ 8; Pl. Ex. 9, ¶ 4 (urging officers to request

and review their Master Breif Sheet prior to the convening of the board) and Pl. Ex. 10, ¶ 4

(urging officers to request and review their Master Breif Sheet prior to the convening of the

board).

16.   The template used to generate the Master Brief Sheet issued to an individual officer at his

request is the same template that is used to generate the Master Brief Sheet for the promotion

board. *See* Pl. Ex. 9, ¶ 4 (message announcing the FY 2005 board) and Pl. Ex. 10, ¶ 4 (message

announcing FY 2004 board).  If an officer requests his Master Brief immediately before it is sent

to the promotion board, the officer will be given the exact information that the promtion board

will consider. *Id.*

17.   A Master Brief Sheet does not reveal any discussions among the selection board members

about whether a particular officer should be selected for promotion. *See* Pl. S.J. Mot., Pl. Ex 2.

A Master Brief Sheet does not reveal whether a particular board member recommended that a

particular officer be selected for promotion. *Id.* A Master Brief Sheet does not reveal whether the

selection board recommended that a particular officer be selected for promotion. *Id.* A Master

Brief Sheet does not reveal what procedures were used by the board to determine which officers

were selected for promotion. *Id.*  A Master brief Sheet does not reveal any of the discussions

among the board members on whether to promote a particular officer. *Id.*

-5-

Respectfully submitted,

Dated: July 10, 2006

Jackson L. McGrady
Plaintiff, *Pro Se*
820 Bright Street
Fredericksburg, VA 22401
540.371.3792

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,     )
                                   )
          Plaintiff      )
                                   )
v.                         )
                                 )     Civil Action No. 06CV0752(GK)
DEPARTMENT OF THE NAVY,  )
DONALD C. WINTER, Secretary  )
of the Navy,               )
                                 )
         Defendants   )

### COMBINED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, pursuant to LCvR 7(h) and LCvR 56.1, respectfully submits this Memorandum

of Points and Authorities in support of Plaintiff's opposition to Defendants' Motion for

Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment.

### INTRODUCTION

On September 28, 2005, Plaintiff submitted a request, citing 5 U.S.C. § 552 (Freedom of

Information Act ("FOIA")).  Plaintiff's FOIA request sought *appropriately redacted* copies of

the following:  (a) Master Brief Sheets, under both the "old" and "new" fitness report systems,

for the sampling of records required to be maintained by Secretary of the Navy Instruction

("SECNAVINST") 1401.1B, of the officers who were recommended for promotion by the Fiscal

Year ("FY") 2004 lieutenant colonel selection board; (b) Master Brief Sheets, under both the

"old" and "new" fitness report systems, for the sampling of records required to be maintained by

SECNAVINST 1401.1B, of the officers who were not recommended for promotion by the FY

2004 lieutenant colonel selection board; (c) Master Brief Sheets, under both the "old" and "new"

fitness report systems, for the sampling of records required to be maintained by SECNAVINST

1401.1B, of the officers who were recommended for promotion by the FY 2005 lieutenant

colonel selection board; and (d) Master Brief Sheets, under both the "old" and "new" fitness

report systems, for the sampling of records required to be maintained by SECNAVINST

1401.1B, of the officers who were not recommended for promotion by the FY 2005 lieutenant

colonel selection board.[1] Defendants' Summary Judgment Motion (Def. S. J. Mot.), Attachment

---

[1] Plaintiff also requested the FY 2004 and FY 2005 lieutenant colonel selection board "precepts."
By letter of November 17, 2005, Defendants notified Plaintiff the precepts were available at the
Marine Corps Promotion Branch home page. Def. S.J. Mot., Attachment L. This website is
accessible to the public. Def. S.J. Mot., Almand. Dec. ¶ 6. The precept lists the guidelines by
which the members are to operate and is required to by 10 U.S.C. § 615, which provides, in part:

(a) . . .

(b) The Secretary of the military department concerned shall furnish each
selection board convened under section 611 (a) of this title with—
(1) the maximum number, as determined in accordance with section 622 of this
title, of officers in each competitive category under consideration that the board
may recommend for promotion to the next higher grade;
(2) the names of all officers in each competitive category to be considered by the
board for promotion;
(3) the pertinent records (as determined by the Secretary) of each officer whose
name is furnished to the board;
(4) information or guidelines relating to the needs of the armed force concerned
for officers having particular skills, including guidelines or information relating to
the need for either a minimum number or a maximum number of officers with
particular skills within a competitive category;
(5) guidelines, based upon guidelines received by the Secretary from the Secretary
of Defense under subsection (c), for the purpose of ensuring that the board gives
appropriate consideration to the performance in joint duty assignments of officers
who are serving, or have served, in such assignments; and
(6) such other information and guidelines as may be necessary to enable the board
to properly perform its functions.

C.  In Plaintiff's original request, he included an example of appropriately redacted copies of the requested documents. *Id.*

Defendants located the Master Brief Sheets that were responsive to Plaintiff's request. Def. S.J. Mot., Attachment J.  However, the Agency denied the request based on its view that the requested documents fell "within the scope of selection board proceedings and therefore, pursuant to pursuant to 10 U.S.C. § 618(f), cannot be disclosed to any person not member of the board." *Id.* Defendants invoked a (b)(3) exemption under the FOIA to deny Plaintiff's request noting that the "responsive Master Brief sheets are denied in their entirety." *Id.* The Agency's denial letter of February 23, 2006, indicated that the decision constituted a final agency decision and that Plaintiff could seek judicial review of the decision.  Plaintiff Exhibit (Pl. Ex.) 1.[2]

## LEGAL STANDARD FOR SUMMARY JUDGMENT IN FOIA CASES

FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure. 5 U.S.C. § 552; *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973). FOIA confers jurisdiction on the federal district courts to order the release of improperly withheld or redacted information. 5 U.S.C. § 552(a)(4)(B). In a judicial review of an agency's response to a FOIA request, the defendant agency has the burden of justifying nondisclosure, and the court must ascertain whether the agency has sustained its burden of demonstrating that the documents requested are exempt from disclosure under FOIA. 5 U.S.C. § 552(a)(4)(B); *Al-Fayed v. CIA,* 254 F.3d 300, 305 (D.C.Cir.2001); *Summers v. Dep't of*

---

[2] The first page of the Agency's February 23, 2006 letter is included as Attachment L to Defendants' dispositive motion.  However, Attachment L, at least on the copy of the motion that was provided to Plaintiff, does not contain the second page of the letter.  Therefore, Plaintiff includes a complete copy of the letter as Plaintiff Exhibit 1.

*Justice,* 140 F.3d 1077, 1080 (D.C.Cir.1998). An agency may meet this burden by providing the requester with a *Vaughn* index, adequately describing each withheld document and explaining the exemption's relevance. *Summers,* 140 F.3d at 1080; *Vaughn,* 484 F.2d 820 (fashioning what is now commonly referred to as a "*Vaughn* index"). The court may grant summary judgment to an agency on the basis of its affidavits if they: (a) describe the documents and the justifications for nondisclosure with reasonably specific detail, (b) demonstrate that the information withheld logically falls within the claimed exemption, and (c) are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project,* 656 F.2d at 738.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact. *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 157-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

## ISSUES

Plaintiff does not contest the adequacy of the search conducted by the Defendants as Defendants admit that they found the responsive documents. *See* Defendant's Summary Judgment Motion (Def. S.J. Mot.), pp. 6-7. Plaintiff neither disputes that Defendants have produced a *Vaughn* index that identifies the documents nor that the *Vaughn* index identifies the putative exemption for non-disclosure under the FOIA, i.e. 5 U.S.C. § 552(b)(3)(A).

Plaintiff, however, does dispute whether Defendants have met their burden to demonstrate that the information sought by Plaintiff logically falls within the claimed FOIA exemption and asserts that Defendants have failed to consider the evidence that contradicts and controverts Defendants' position. Defendants' position is that the redacted Master Brief Sheets requested by the Plaintiff are "Proceedings of a Selection Board" within the meaning of 10 U.S.C. § 618(f). Def. S.J. Mot., pp. 9-12. If the documents are "proceedings," the documents are properly withheld under a FOIA (b)(3)(A) exemption. If the documents are not proceedings, they must be released to Plaintiff. No other FOIA exemptions, specifically a (b)(6) exemption, are applicable that would exempt the requested documents from disclosure.

## ARGUMENT

"[T]he sole issue for decision [with respect to Exemption 3] is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1987). Defendants claim that the redacted documents requested by the Plaintiff cannot be released pursuant to a FOIA (b)(3) exemption, which bars release of information that is prohibited from disclosure by another statute. In this case, the Agency argues

5

that the requested redacted document is a "proceeding" within the meaning of 10 U.S.C. § 618(f),
which provides in full:

> "Except as authorized or required by this section, proceedings of a selection board
> convened under section 611(a) of this title may not be disclosed to any person not a
> member of the board." 10 U.S.C. § 618(f).

Defendants fail to meet their burden to demonstrate that the information sought by
Plaintiff logically falls within a FOIA (b)(3) exemption. Further, Defendants ignore the evidence
that contradicts and controverts their position that the redacted Master Brief Sheets requested by
the Plaintiff are "Proceedings of Selection Board" within the meaning of 10 U.S.C. § 618(f).

## I. EXEMPTION (b)(3) DOES NOT APPLY AND DEFENDANTS' POSITION IS CONTRADICTED BY OTHER EVIDENCE.

In arguing that the documents are "proceedings", Defendants first make a strained
argument concerning the definition of proceeding. Second, Defendants misinterpret *Gordon R.
England, Secretary of the Navy, et. al., Petitioners*, 375 F.3d 1169 (D.C.Cir. 2004) as that case
applies to the facts of the present case. Third, Defendants' misconstrue *Miller v. Department of
the Navy*, 338 F. Supp2d 5 (D.D.C. 2005) and *Curtis v. Peters*, 107 F. Supp.2d 1,9 )D.D.C. 2000)
citing *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1514 (D.C.Cir. 1989). Fourth,
Defendants' position is inconsistent with Defendants' treatment of the selection board precepts
that are provided to and considered by the selection board members and demonstrates that
Master Brief Sheets are not "proceedings." Fifth, Defendants production of Master Brief Sheets
in other contexts demonstrates that there are not "proceedings." Sixth, Defendants publish
statistical information concerning the board results that contain some of the same information
that is contained on the Master Brief Sheets.

## A. Plain Meaning of "Proceeding" Does not Encompass a Document.

"It is well established that 'when the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms.' " *Lamie v. United States Tr.,* 540 U.S. 526, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)).

10 U.S.C. § 618(f) does not define the term "proceeding." Defendants cite the Court to a definition from Black's Law Dictionary, (8th ed. 2004), which defines "proceeding" as "an act or step that is part of a larger action." Def. S.J. Mot. p.10. This is the third of the five definitions provided.

The utility of using Black's Law Dictionary is dubious as the definition focuses on "proceedings" within the judicial system. Specifically, Black's Law Dictionary, cites to The *Law of Pleading Under the Codes of Civil Procedure* (2d. ed. 1899) in saying that "'[p]roceeding' is a word much used to express the business done in courts." This fact is borne out by the remaining definitions. Definition one speaks to the "regular and orderly progression of a lawsuit." Definition two speaks to any "procedural means for seeking redress from a tribunal or agency." Definition four speaks to the "business conducted by a court or other official body; a hearing." The fifth definition deals with the terminology as it is used in a bankruptcy proceeding. Given the definition's focus on court proceedings and litigation, it is reasonable to assume that the third definition, which is cited by Defendants, is similarly skewed to "the business done in court." As such, reliance on Black's definition for enlightenment as to the meaning of "proceeding" as that term is used in 10 U.S.C § 618 is misplaced given that selection board proceedings do not resemble litigation or a courtroom proceeding. Regardless,

7

despite the questionable utility, even under Defendants' construction, the requested documents still cannot be considered a "proceeding."

Using Defendants' cited definition from Black's, Defendants argue that the Master Brief Sheets "are essentially a step that is part of the deliberative process of the promotion board. Therefore the Master Brief Sheets, along with any other information which is used and discussed during the selection board's deliberative process, should not be disclosed."[3]    Def. S.J. Mot. p. 10. Defendants' proposition cannot withstand scrutiny. There is no reasonable doubt that the board members consider the information that is contained within the Master Brief Sheets. There is no reasonable doubt that the board members discuss the data contained with the Master Brief Sheets and deliberate as to the import of the data vis-à-vis other officers. It is also probable that the board members take notes of these discussions and make written comments. It is the discussions, deliberations, and written comments that the statute is meant to protect. The deliberation about the import of the data contained within the Master Brief Sheets could be a "step in the proceeding" but the Master Brief Sheet itself cannot be. A document cannot be a proceeding. The data contained on the Master Brief Sheets is just that, data. It is not a "step" or a part of the deliberative process. It is just data that is considered. Nothing that the board members do changes the objective data that is contained within the Master Brief Sheet.

The flaw in using Black's is also demonstrated by using a standard dictionary definition for "proceeding." According to Webster's Third New International Dictionary (1993) "proceedings" means "a particular way of doing or accomplishing something." It also defines

---

[3] Defendants admit that the board is provided with the precept and that the precept is considered by the board in making their promotion recommendation. However, the precept is made available to the public. Defendant's position that the Master Brief Sheets were considered by the board members and thus should not be released is absolutely contradictory with the fact that Defendants admit that the precept is considered but is released to the public. This inconsistency is further discussed in paragraph I.D to this brief.

"proceedings" as "an official account (as in a book of minutes) or thing said or done (as at a

meeting or convention of a society)." Application of this definition is more appropriate given the

nature of a selection board as a formal meeting or convention in which the discussions are

memorialized. Under this definition it is apparent that the interest to be protected by not

disclosing the "proceedings" is the processes and procedures used by the board in making their

selections or their discussions. The interest to be protected is not the data or the documents but

the manner in which that data is discussed. Release of the requested document does not

implicate any of these interests.

Attached as Pl. Ex. 2 to Plaintiff's dispositive motion is a copy of an Plaintiff's

unredacted Master Brief Sheet, except for Social Security Number. There is nothing contained

in the Master Brief Sheets that would reveal any discussions by the board members, how any

board member voted, or what procedures were used to determine the selection recommendation.

Quite simply, release of the Master Brief Sheets does not implicate the interest that the statute

seeks to protect. This fact is demonstrated by an analysis of *Inre: Gordon R. England, Secretary

of the Navy, et. al., Petitioners*, 375 F.3d 1169 (D.C.Cir. 2004).

### B. *In Re England* Demonstrate that the Master Brief Sheets is Not a Proceeding.

In his administrative appeal from their initial denial of his request, Plaintiff cited

Defendants to *Inre: Gordon R. England, Secretary of the Navy, et. al., Petitioners*, 375 F.3d

1169 (D.C.Cir. 2004) demonstrating that the interest to be protected from disclosure was the

actual discussion of the board members. *See* Def. S.J. Mot., Attachment K, p. 2. This should

have proven to Defendants that that release of the requested documents would not implicate

these interests. Instead of addressing this point, Defendants' response noted that 618(f) prohibits

disclosure of proceeding and found that the cases cited by Plaintiff support this point. Pl. Ex. 1, p. 2; *see* Def. S.J. Mot., Almand Dec. ¶ 7. Defendants maintain the same argument in its motion for summary judgment. Def. S.J. Mot. pp. 12-13. Defendants' argument misses the entire point.

*Inre: England* does, of course, stands for the proposition that "proceedings" cannot be disclosed. However, the issue is whether the requested documents are considered "proceedings" in the first place. Again, *Inre: England* shows that it is the actual discussions of the board members that are to be protected. Review of this case is instructive.

*Inre England* construed the meaning of "proceedings" as that term is used in 10 U.S.C. 618(f). In this case a number of Non-Liturgical Protestant chaplains filed suit against, *inter alia*, the Secretary of the Navy alleging that the Navy's policies and practices discriminated against them in favor of Catholic and Liturgical Protestant chaplains in violation of the First and Fifth Amendments. *Inre England* at 1174. The chaplains requested that the Secretary release board members from their oath of confidentiality to allow them to testify; the Secretary declined to do so. *Id.* The chaplains thereupon filed a motion to compel discovery of selection board proceedings, seeking to depose board members. *Id.* The Navy argued that 10 U.S.C. § 618(f) barred disclosure of selection board deliberations. *Id.* The district court disagreed and granted the chaplains' motion, holding that "[b]ecause section 618(f) does not contain specific language barring discovery, and because of the circuit's emphasis on providing litigants full access to relevant information, the court concludes that section 618(f) does not create an absolute or qualified privilege barring discovery of selection-board proceedings." *Id.* The Navy filed an interlocutory appeal and a petition for mandamus. *Id.*

The Appellate Court found that disclosure of selection board proceedings in civil discovery would certainly undermine, if not totally frustrate, the purpose of Section 618(f). *Id.* at

10

1178. In reaching this conclusion the Court relied, in part, on a declaration submitted by the Secretary of the Navy. In his declaration, the Secretary explained "[s]election board members will be less likely to engage in frank and open discussion if such discussions will be open to public scrutiny . . . . If board members knew that candidates passed over for promotion could gain access to board proceedings, that would clearly inhibit frank assessment of candidates' relative strengths and weaknesses . . . . [D]etermining which officers are best qualified for promotion from a pool of many fully qualified candidates involves inherently difficult and subjective evaluations. ⋯ Release of information regarding these proceedings to the public will severely undermine the ability of the Department of the Navy to effectively operate its promotion and selective early retirement systems." *Id.*

From this case, it is evident that the "proceedings" that are not to be disclosed are the actual deliberations of the board members. As explained by the Secretary of the Navy, the interest to be protected is the "frank and open discussion" concerning whether a particular officer should be promoted or selected for early retirement. Release of the redacted Master Brief Sheets does not implicate this interest. The Master Brief Sheets merely contain information and in no way discloses the board procedures or processes.

### C. Defendants Distort *Miller v. Department of the Navy* and *Curtis v. Peters*.

Plaintiff argues that two of Defendants statements contained within its dispositive motion and their supporting citations are ill-placed. One cites to *Miller v. Department of the Navy*, 338 F. Supp2d 5 (D.D.C. 2005). The other cites to *Curtis v. Peters*, 107 F. Supp.2d 1,9 )D.D.C. 2000) citing *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1514 (D.C.Cir. 1989).

**1.** *Miller v. Department of the Navy.*  Defendants state that "the disclosure of the information contained in the Master Brief Sheets considered by a promotion selection board would not only prevent frank and open discussion by board members, but would inhibit frank and open evaluation of officers by their first and second level supervisor in formulating their performance evolutions." Def. S.J. Mot. p. 11. Defendants then cites the Court to "*See Miller v. Dep't of the Navy,* 338 F.Supp.2d5 (D.D.C. 2005)(court recognized the policy interest of the Navy in 'encouraging open, frank discussions' in selection board proceedings.)"  The parenthetical included in Defendants' motion is accurate but the case does not support the averment.

Plaintiff, again, refers to an unredacted Master Brief Sheet. Pl. Ex. 2.  Based upon a review of that document, there is absolutely nothing contained in that document that would indicate a discussion of any board member or how that board member voted. The Master Brief Sheets reveals nothing about any of the procedures, mechanical process or thought processes of the board or its members.  It is merely a document that contains data.  There is no logical way in which disclosure of the Master Brief Sheets would inhibit "frank and open discussion by board members." Further, as discussed in paragraph I.E., *infra*, an individual may obtain a copy of his own Master Brief Sheet.  Given Defendants do, in fact, release Master Brief Sheets, Defendants cannot argue that release would somehow inhibit frank and open discussions among the selection board members.  The second component of Defendants' averment, regarding the impact on disclosure of the first and second level supervisors, is also suspect for at least two reasons.

First, the first and second level supervisors are not part of the selection board processes. As such, any impact on the supervisors based on disclosure of the Master Brief Sheets cannot come within the ambit of 10 U.S.C. § 618(f).  Certainly, evaluations that the supervisors have

12

written are considered by the board. However, to prevent disclosure of the Master Brief Sheets under a FOIA (b)(3) exemption based on the speculative impact on a supervisor's rating philosophy and the promotion board's later consideration of that process is far outside of the interests to be protected as articulated by the Secretary of the Navy and the Court in *Inre England*.

Second, to the extent that Defendants raise any valid concerns, Plaintiff asked that the names of the raters/supervisors to be redacted. *See* Def. S. J. Mot., Attachment C. Given the level of redaction, there is no way to associate the data with a particular supervisor.

**2. *Curtis v. Peters*.** Defendants argue that "[i]n addition, preventing disclosure of information considered by selection boards ensures that 'decisions [regarding] who should be in military leadership positions and . . .the qualifications of candidates for such positions [are] left to the expertise of the military and [not open to public scrutiny]'" and cite to *Curtis v. Peters*, 107 F. Supp.2d 1,9 )D.D.C. 2000) citing *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1514 (D.C.Cir. 1989). Def. S.J. Mot. p. 12. This statement is misleading for two reasons. First, the issues in *Curtis* are inapposite to the present case. Second, the words contained in the bracketed material is misleading.

In *Curtis* a reserve officer was denied promotion in the Air Force Reserves and subsequently was discharged under the Air Force's "up or out" policy. *Curtis* at 3. The officer brought an action against Secretary of the Air Force, alleging, *inter alia*, that the procedures used in reviewing his candidacy violated the Air Force's statutory directives. *Id.* In particular, plaintiff argued that a certain instruction to the board was arbitrary and capricious. *Id.* at 8 – 9. The instruction to the promotion board members was to the effect that the members must find

13

"beyond a reasonable doubt" that a candidate was "fully qualified" before voting to promote him or her. *Id.* at 9.

The plaintiff in *Curtis* argued that previous boards were given a variation of the instruction, that "reasonable doubt" is a wholly inappropriate and unreasonable standard because traditionally it is a criminal standard of proof that has no place in the administrative review of employees, and that the later boards did not use the reasonable doubt language. *Id.* Plaintiff also maintained that the Air Force does not use the "reasonable doubt" instruction in later boards, indicating that its earlier use must have been arbitrary and capricious. *Id.*

The *Curtis* court found that the applicable statute was silent on the matter, allowing the Air Force wide discretion regarding the degree of confidence it may require in order to promote an applicant. *Id.* Decisions on who should be in military leadership positions, and what comfort level the decision-maker should have regarding the qualifications of candidates for such positions, should be left to the expertise of the military and not made by the courts. *Id.* citing to *Kreis v. Secretary of the Air Force,* 866 F.2d at 1514. In view of the Air Force's experience in evaluating the leadership needs of the armed forces, the Court will defer to the Air Force's conclusion that use of the reasonable doubt standard was permissible. *Curtis* at 9.

It is plain that *Curtis* was not a case about disclosure of information considered by a promotion board. The issue in *Curtis* clearly concerned the appropriateness of a standard, i.e. a reasonable doubt standard in selecting officers for promotion. As such, the case is inapposite to the current facts and does not support the position propounded by Defendants. Further distinguishing the facts is that the standard was articulated and known by the board, the officers evaluated by the board and the court. In fact the court notes that "the Air Force created a complicated system to review candidates for promotion in the Air Force Reserves." *Id.* at 4. The

14

court then proceeds to recount, in great detail. the procedural processes used by the selection board to make their promotion decisions. *Id. Curtis* further reinforces the fact that it is only the actual deliberations of the board that are to be protected.

Second, the quoted material in Defendants' motion substitutes "not open to public scrutiny" for "not made by the courts". This substitution presents a misleading picture. The court in *Curtis* was not saying that the basis for the selection should have somehow been secret or not divulged. This is evidenced from the detailed account of the processes used by the selection board and the applicable standards used by the board. The court was saying that it would not exercise judicial review and substitute its judgment for that of the military. Specifically, the court held that "[i]n view of the Air Force's experience in evaluating the leadership needs of the armed forces, the Court will defer to the Air Force's conclusion that use of the reasonable doubt standard was permissible." *Curtis* at 9. However, the standard upon which the military decision was based was clearly known.

Defendants' take the position that the criteria used by promotion boards should not be divulged at all so as to avoid "public scrutiny". This unduly characterizes *Curtis*.


### D. Defendants Public Release of Board Precept Contradicts Position on Master Brief Sheets.

Defendants' current position that the Master Brief Sheets are "proceedings of the board" is inconsistent with their treatment of the "precept" which is also used by the board members in making their promotion recommendations. Defendants note that "when a promotion board is convened, the members of the selection board are provided with certain material. These materials include the selection board's precept, the eligible officer's official military personnel files, and their corresponding Master Brief Sheets." Def. S.J. Mot., p. 7.

Defendants further note that the members of the selection board use "this information" during their deliberations to determine which officers should be promoted. Def. S.J. Mot., p. 8. "This information" must refer to the materials provided to the board members, i.e. the selection board's precept, the eligible officer's official military personnel files, and their corresponding Master Brief Sheets. Defendants further note that "[t]herefore, the Master Brief Sheets, along with any other information which is used and discussed during the selection board's deliberative process, should not be disclosed." Def. S.J. Mot. p., 10. The "other information" must include the information contained within the precept.

Based on Defendants own statements, there can be no rational basis for treating the release of the precepts differently than the Master Brief Sheets. It is undisputed that the selection board precept are made publicly available. In particular and as specifically noted by Captain Almand in his declaration, "the FY04and FY05 USMC Lieutenant Colonel Selection Board precepts [could] be downloaded form [sic] the Marine Promotion Branch web page." Def. S.J. Mot., Almand Dec. ¶ 6. This web page is "publicly available via the Internet." *Id.*; Pl. S. J. Mot., McGrady Declaration ¶¶ 3 and 4

Plaintiff attaches a copy of the FY 2005 Lieutenant Colonel Promotion Board web page as Pl. Ex. 3. This web page indicates that a variety of information is available concerning the board to include the precept. A copy of the FY 2005 Lieutenant Colonel Promotion Board precept is included as Pl. Ex. 4. Plaintiff attaches a copy of the FY 2004 Lieutenant Colonel Promotion Board web page at Pl. Ex. 5. This web page indicates that a variety of information is available concerning the board to include the precept. A copy of the FY 2004 Lieutenant Colonel Promotion Board precept is included as Pl. Ex. 6.

Given these facts, it necessarily means that the Master Brief Sheets are not "proceedings." If the Master Brief Sheets were, in fact, "proceedings", they could not be divulged even to the military member. Given the broad prohibition against disclosure expressed by Congress in 10 U.S.C. § 618(f), a military member would not be allowed to obtain a copy of his own Master Brief Sheet, if the Master Brief Sheet was properly considered to be "proceedings." The broad prohibition against disclosure was a central tenet of Defendants motion as was its reliance on *Inre England*. *See* Def. S.J. Mot., pp. 12-13.

In *Inre England* the Court found of import the fact that "Congress provided an express exception to the otherwise categorical ban on disclosure." *Inre England* at 1177. Specifically, the statute provides that disclosures that are "authorized or required by the section" may be made. *Id.* Hence, the drafters of the statute felt it necessary to specify that board proceedings could be disclosed only in connection with the precise authorization, i.e. to submit recommendation to the Secretary of a military department, the Secretaries of the Joint Chiefs of Staff and Defense and ultimately the President. *Id.* As such, it is only these disclosures of board proceedings that are permitted. As Defendants cannot be arguing that they are violating the provisions of 10 U.S.C. § 618(f) each time they provided a military member with a copy of his Master Brief Sheet, it must follow that the Master Brief Sheets are not "proceedings."

## F. Defendants Publish Other Statistical Date from the Board.

Defendants publish statistical information upon the release of a promotion board. These statistics include percentages of officers selected for promotion, education level, race, gender and occupational specialty of those who were selected. These statistics are complied and published on the Manpower Web Site. *See* Pl. S.J. Mot., McGrady Declaration ¶¶ 3 and 4; Pl. Ex. 3 (FY

18

2005 board web site) and Pl. Ex. 5 (FY 2004 board web site). Plaintiff includes a copy of the

statistics from the FY 2005 Lieutenant Colonel Promotion Board as Pl. Ex. 7. Plaintiff includes

a copy of the statistics from the FY 2004 Lieutenant Colonel Promotion Board as Pl. Ex. 8. The

Manpower Web Site is available to the public. *See* Def. S. J. Mot., Almand Dec. ¶ 4.

In order to compile this statistical information, Defendants cull this information from the

Official Military Personnel Files of the individual officers considered for promotion. Plaintiff

notes that an officer's occupational specialty and level of education are resident on the Master

Brief Sheet. *See* Pl. Ex. 2. As Defendants' voluntarily publish this information, they cannot

argue that 618(f) prohibits release of these statistics. It follows that if a FOIA requester asked for

redacted copies of the Master Brief Sheets that only listed these items, the redacted document

must be released. This is, in essence, the situation presented in Plaintiff's request. As long as no

privacy interest is implicated, the redacted Master Brief Sheets must be released.[5]


## II. NO PRIVACY INTEREST IMPLICATED – FOIA EXEMPTION (b)(6) DOES NOT APPLY

In response to Plaintiff's administrative appeal, Defendants only rely upon a (b)(3)(A)

exemption. Def. S.J. Mot., Almand Dec. ¶ 8; Pl. Ex. 1, p. 2. In their dispositive motion,

Defendants, again, only invoke the (b)(3)(A) exemption. However, Defendants also argue that

disclosure of the Master Brief Sheets will not enlighten the public. Def. S.J. Mot., p.13. The

---

[5] While not directly applicable to this case, the concept of "waiver" should apply by analogy. *See Afshar v. Dep't of State,* 702 F.2d 1125, 1130 (D.C.Cir.1983); *Public Citizen v. Dep't of State,* 11 F.3d 198, 201 (D.C.Cir.1993) (considering whether the government has waived its FOIA exemptions, the plaintiff has the burden of "pointing to specific information in the public domain that appears to duplicate that being withheld.") If Defendants made data publicly available that is, essentially of the same type and substance that is being requested, there cannot be a rationale basis for denying the disclosure.

issue of whether a disclosure under the FOIA would enlighten the public is irrelevant to the analysis under a (b)(3) exemption to the FOIA. Enlightenment to the public would only become relevant if Defendants relied upon a (b)(6) exemption.

Analysis under a FOIA (b)(6) exemption is a multi-step process. The first prong is to determine whether there is a privacy interest at stake. If no significant privacy interest is implicated (and if no other Exemption applies), FOIA demands disclosure. *National Ass'n of Retired Federal Employees (NARFE )v. Horner*, 879 F.2d 873, 874 (D.C. Cir 1989) citing to *Department of Justice v. Tax Analysts*, 492 U.S. 136, ---- - ----, 109 S.Ct. 2841, 2850-53, 106 L.Ed.2d 112 (1989). If, on the other hand, a substantial privacy interest is at stake, then the court must weigh that privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy. *NARFE* at 874-75 citing to *Ripskis v. Department of Housing and Urban Development*, 746 F.2d 1, 3 (D.C.Cir.1984).

In this particular case, there is no privacy interest at stake. Given the high level of redaction urged by Plaintiff, there is no possible way in which to link the information with a particular individual.

## A. No Privacy Interest is at Stake.

Plaintiff has not requested the Master Brief Sheets of a particular officer and given the level of redaction, there is no possibility of being able to identify the data to whom the particular officer pertains. If Plaintiff had requested the Master Brief Sheet for Major John Q. Public as that officer's Master Brief Sheet appeared before a particular promotion board, even with the level of redaction urged by the Plaintiff, Plaintiff would agree that there is a privacy interest at

stake which would prohibit release of the documents because the information could be linked to a particular officer based on the FOIA request.

However, that is not the case before the Court. The names of the officers who comprise the sampling of records contemplated by 10 U.S.C. § 628 are not publicly available. Providing the highly redacted Master Brief Sheets of these officers does not reasonably implicate any privacy interest. *See Department of the Air Force v. Rose*, 425 U.S. 352, 380 n. 19 (1976). A merely speculative argument that a privacy interest is implicated is not a valid basis for withholding release. *National Association of Retired Federal Employees v. Horner*, 879 F.2d. 873 (D.C.Cir. 1998).

Given that there are no cognizable privacy interests implicated by release of the requested documents, there is no need to conduct an analysis of whether the documents would enlighten the public as to the operations of the Agency. As such, the documents must be released.

**B. Even if Privacy Interests Were At Stake, the Release of the Requested Information would be Enlightening to the Public.**

To the extent that any speculative privacy interest could be identified, this interest is outweighed by the benefit to the public. As Plaintiff averred in his Complaint

> The sampling of records of records contemplated by 10 U.S.C § 628 is intended as a proxy for all the records that were before a particular selection board. Release of MBS containing only the comparative assessments and the Value and Distribution markings of the sampling, will provide insight into how Defendants fulfill the authority granted to them under 10 U.S.C. § 611. Marine Corps career counselors routinely cite to an officer's comparative assessments and Value and Distribution markings as one of the key aspects as to whether a particular record is competitive for promotion. Providing the requested documentation will allow observers to more directly understand the impact of these numbers without the subjective assessment of the career counselors . Complaint ¶ 30.

In response, Defendants argue that "the only individuals who are aware of the subjective assessment of the career counselors are the individuals who are counseled. Releasing the Master Brief Sheets will only allow the counseled officer to more directly understand the impact of the Comparative Assessments and Value Distribution Rating on promotional decisions, not the general public." Def. S.J. Mot., p. 13. Again, Defendants miss the point. Plaintiff references the reliance career counselors place on the Comparative Assessments and the Value and Distribution Ratings to establish their importance. Defendants appear to concede this in their motion. The point, however, is that release of these numbers will allow *all* officers being considered for promotion to better understand what numbers are competitive. The benefit is not to one particular officer being advised by Defendants' career counselor on the counselor's subjective belief as to what is competitive. Release of the requested information will aid all officers being considered for promotion to better personally evaluate their competitiveness without the gloss of the career counselor. This is a cognizable benefit to the public.[6]

Defendants recognize this very point later in their brief when they argue that release of the information "would allow the public to scrutinize the material." Def. S.J. Mot., p.14. Defendants cannot simultaneously argue that release of the requested information would only be useful to a single officer and then argue that the public in general would be misled by release of the information. Defendants cannot have it both ways.

Defendants also argue that release of the Master Brief Sheets will not provide insight into how Defendants fulfill their statutory responsibilities under 10 U.S.C. § 628 and argue that the

---

[6] Defendants note that release of the requested information will not shed light on how the Agency fulfills its statutory duty under 10 U.S.C. § 611 because this section merely relates to the convening of selection board. Def. S. J. Mot., pp. 13-14. To the extent this is a valid argument, the information will still allow officers being considered for promotion to better understand what numbers are competitive for promotion.

sampling is too small. Def. S.J. Mot. p. 14.[7] This argument is at odds with Defendants own orders implementing 10 U.S.C. § 628. Specifically SECNAVNST 1401.1B requires Defendants to maintain a "sampling of records" for purposes of 10 U.S.C. § 628. Pl. Ex. 11. Presumably Defendants have dutiful implemented the requirements of 10 U.S.C. § 628 and designated an appropriate number of records to constitute a valid "sampling." *See Kosnik v. Secretary of the Air Force*, 31 F. Supp. 2d 151, 158 (D.C. Cir. 1998) (finding a strong presumption that administrators of the military, like other public officials, discharge their duties correctly, lawfully, and in good faith). Plaintiff's request was for the redacted Master Brief Sheets of the "sampling of records." As such, the Plaintiff's request cannot be too small based on Defendants own regulation.

Defendants also cite to *St. Regis Paper v. U.S.* for the proposition that "release of the Master Brief Sheets would allow the public to scrutinize the material over which the selection board deliberated and 'undermine the very purpose of confidentiality contemplated by Congress.'" Def. S.J. Mot. P. 14.[8] Neither *St. Regis Paper* nor *Baldridge v. Shapiro* address promotion board proceedings. These cases deal with release of census data. As such their utility in the present case is suspect.

---

[7] Defendants note the pendancy of *McGrady v. Department of the Navy et al.*, Civil Action No. 05-1650 (GK). This is irrelevant. Agencies may neither distinguish between requestors nor limit the use to which disclosed information is put and an analysis of the consequences of a disclosure cannot turn on the identity or purposes of the requestor. *National Ass'n of Retired Federal Employees (NARFE) v. Horner*, 879 F.2d 873, 875 (D.C. Cir 1989). To any extent that the Agency considered this fact when denying Plaintiff's FOIA request, it was improper.

[8] Defendants cite to *St. Regis Paper v. U.S.*, 455 U.S. 345, 360 (1982). Def. S.J. Mot. p. 14. However, 455 U.S. 345 is the cite for *Baldrige v. Shapiro*, 455 U.S. 345, 102 S.Ct. 1103 (1982). The proper cite for *St. Regis Paper* is 368 U.S. 208, 218, 82 S.Ct. 289, 295, 7 L.Ed.2d 240 (1961).

23

In *Baldridge* the Court held that the information being sought was part of the raw census data intended by Congress to be protected from disclosure under the Census Act and therefore such information was exempted from disclosure under exemption 3 of Freedom of Information Act. *Baldridge* at 355. *Baldridge* certainly stands for the position that information that falls within exemption 3 of the FOIA, should not be publicly disclosed. However, it does nothing to demonstrate whether the redacted Master Brief Sheets requested by Plaintiff properly fall within exemption 3 of the FOIA.

Defendants finally argue that release of the requested information could mislead the public.[9] This is simply not the case. As already noted, Defendants make publicly available information, some of which is included in the Master Brief Sheets, about the profiles of those officers who were selected for promotion. The information requested by Plaintiff is simply an additional data point. In addition, the precept of the board makes abundantly clear that a wide variety of factors pertaining to an officer must be considered. Pl. Ex. 4; Pl. Ex. 6. Further, the "fitness report provides the primary means for evaluating a Marine's performance to support the Commandant's efforts to select the best qualified personnel for promotion . . . ." Def. S. J. Mot. Attachment B, ¶ 3 (excerpt of Marine Corps Order P1610.7E). While there are any number of factors that a promotion board may properly considered, it is likely that there will be a high correlation between those selected for promotion and those not selected for promotion. Possible confusion caused by the release of the requested information is speculative at best.

---

[9] Plaintiff, again, notes the contradictory position of Defendant in simultaneously maintaining that the redacted Master Brief Sheets should not be released because they would only enlighten an individual and not the public in general and also arguing against release because the information would be confusing to the general public. *Compare* Def. S. J. Mot. p. 13 with Def. S.J. Mot. pp. 14-15.

## III. CONCLUSION.

The redacted Master Brief Sheets sought by Plaintiff are not "proceedings" with the meaning of 10 U.S.C. § 618(f). Defendants attempt to use a strained definition from Black's Law Dictionary. However, the weakness of the argument is conclusively demonstrated by Defendants' public release of the precepts of the promotion boards, which would also be considered "proceedings" under Defendants' rationale. If Defendants do not violate 10 U.S.C. 618(f) by releasing the precepts, Defendants would not violate the statute by releasing the Master Brief Sheets. This is further demonstrated by Defendants' release of the Master Brief Sheets in other contexts. Release of the Master Brief Sheets in no way implicates the interests to be protected under 10 U.S.C. § 618(f) as articulated in *Inre England*, i.e. the discussions of the board members. Finally, release of the highly redacted Master Brief Sheets implicates no privacy interests. As such, the redacted documents requested by the Plaintiff must be released and Plaintiff, respectfully, asks that the Court enjoin Defendants from withholding the subject documents and order their release to the Plaintiff.

Respectfully submitted,

Jackson L. McGrady
Plaintiff, *Pro Se*
820 Bright Street
Fredericksburg, VA 22401
540.371.3792

Dated: July 10. 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July 2006, I, J. L. McGrady, sent by first class, U.S. mail, postage prepaid, return receipt requested a copy of the foregoing, and the attached proposed Order and associated exhibits to the following addresses:

Clerk of Court
United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington DC 20001

Mr. K. L. Wainstein
U.S. Attorney for the District of Columbia
555 4th St. NW
Washington, DC 20530


J. L. MCGRADY
Plaintiff, *Pro Se*
820 Bright Street
Fredericksburg, Virginia
540.371.3792

28

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,      )
                              )
        Plaintiff       )
                              )
v.                          )
                              )     Civil Action No. 06CV0752(GK)
DEPARTMENT OF THE NAVY,  )
DONALD C. WINTER, Secretary  )
of the Navy,             )
                              )
        Defendants   )

## DECLARATION OF JACKSON L. MCGRADY

1.     I am the Plaintiff in the above captioned case. The purpose of this Declaration is to identify how I obtained Plaintiff Exhibits 1- 11 that are attached to this declaration and used in support of Plaintiff Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment.

2.     After I received the Commandant's letter of November 7, 2005, which is included as Attachment J to Defendants' Motion for Summary Judgment, I personally visited the website identified in that letter to obtain the desired precepts and also obtained other information concerning the selection board's results.

3.     Specifically, I personally visited the website for the FY 2005 lieutenant colonel selection board. I personally printed a copy of the website. I have included a copy of this printout as Exhibit 3. The web address is included in the printout. As evidenced by the website printout, the precept of the FY 2005 board was also available. I personally printed a copy of the FY 2005 precept. I have included a copy of this precept as Exhibit 4. As also evidenced by the website printout, statistics concerning the board results was also available. I personally printed a copy of these statistics. I have included a copy of these statistics as Exhibit 7.

4.     In a similar manner, I also personally visited the website for the FY 2004 lieutenant colonel selection board. I personally printed a copy of the website. I have included a copy of this printout as Exhibit 5. The web address is included in the printout. As evidenced by the website printout, the precept of the FY 2004 board was also available. I personally printed a copy of the FY 2004 precept. I have included a copy of this precept as Exhibit 6. As also evidenced by the website printout, statistics concerning the board results was also available. I personally printed a copy of these statistics. I have included a copy of these statistics as Exhibit 8.

5.      Marine Administrative Messages are publicly available through the internet at http://www.usmc.mil/maradmins/maradmin2000.nsf. I personally visited this website and obtained Marine Administrative Message 332/03, which announced the convening of the FY 05 lieutenant colonel selection board. I personally printed a copy of this document and have included it as Exhibit 9. The web address is included at the bottom of the message. In a like manner, I personally visited the website and obtained Marine Administrative Message 371/02, which announced the convening of the FY 04 lieutenant colonel selection board. I personally printed a copy of this document and have included it as Exhibit 10.    The web address is included at the bottom of the message.

6.      I personally received the Captain Almand's letter of February 23, 2006 denying, in part, my FOIA request. I have included a copy of the letter I received from Captain Almand as Exhibit 1.

7.      Many Marine Corps Order and Navy Instructions are available on line. I personally visited the Navy's electronic directives system website at http://www.usmc.mil/directiv.nsf/web+orders and personally printed a copy of Secretary of the Navy Instruction 1401.1B. I have included a copy of this Instruction as Exhibit 11.

8.      I was commissioned as a second lieutenant in the United States Marine Corps on May 20, 1987 and am currently on active duty. As a Marine Corps officer I have made numerous requests for my personnel Master Brief Sheet in order to review the accuracy of the records contained within my official personnel file. To obtain copies of my Master Brief Sheets, I simply made a request for their production from the Marine Corps' Manpower Support Branch. I have included as an example one of the Master Brief Sheets I have been issued under both the "old" and "new" performance evaluation systems. These are unredacted copies, except for my Social Security Number and are included as Exhibit 2.

9.      Per the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 10, 2006, in the City of Fredericksburg, Virginia.

J. L. MCGRADY
Plaintiff, *Pro Se*
820 Bright Street
Fredericksburg, Virginia 22401
540.371.3792

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACKSON L. MCGRADY,    )
    )
    Plaintiff    )
    )
v.    )
    )    Civil Action No. 06CV0752(GK)
DEPARTMENT OF THE NAVY,    )
DONALD C. WINTER, Secretary    )
of the Navy,    )
    )
    Defendants    )

## PLAINTIFF'S LIST OF EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

| Plaintiff Attachment Exhibit | Description of Exhibit |
| --- | --- |
| Attachment | Plaintiff's Declaration of July 10, 2006 |
| Exhibit 1 | February 23, 2006 Final Agency Decision on Plaintiff's FOIA Request[10] |
| Exhibit 2 | Plaintiff's Unredacted Master Brief Sheet except for SSN |
| Exhibit 3 | Marine Corps Manpower and Reserve Affairs Website for the FY 2005 Lieutenant Colonel Promotion Board |
| Exhibit 4 | Precept for the FY 2005 Lieutenant Colonel Promotion Board |
| Exhibit 5 | Marine Corps Manpower and Reserve Affairs Website for the FY 2004 Lieutenant Colonel Promotion Board |
| Exhibit 6 | Precept for the FY 2004 Lieutenant Colonel Promotion Board |
| Exhibit 7 | Statistics from the FY 2005 Lieutenant Colonel Promotion Board |
| Exhibit 8 | Statistics from the FY 2004 Lieutenant Colonel Promotion Board |
| Exhibit 9 | Marine Administrative Message Announcing the Convening of the FY 2005 Lieutenant Colonel Promotion Board |
| Exhibit 10 | Marine Administrative Message Announcing the Convening of the FY 2004 Lieutenant Colonel Promotion Board |
| Exhibit 11 | Secretary of the Navy Instruction 1401.1B |

---

[10] Defendants' included the first page of this letter as Attachment L to their motion for summary judgment. However, the second page was not resident within the motion served on Plaintiff. As such, the complete Final Agency Decision is included as Plaintiff's Exhibit 1.