Plaintiff Exhibit ___1___



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE  SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5720
F06047
Ser JBM/R 161
23 FEB 06

Mr. J.L. McGrady
820 Bright Street
Fredericksburg, VA 22401

SUBJECT:  YOUR FREEDOM OF INFORMATION ACT (FOIA) APPEAL

Dear Mr. McGrady:

    This responds to your letters of October 13, 2005 and
January 6, 2006.  In your first letter you challenged the
delayed response to your request for information under the FOIA.
Your second letter was an appeal of the decision by Headquarters
United States Marine Corps (HQMC) to withhold Master Briefing
Sheets used at the Lieutenant Colonel Promotion Selection Boards
for Fiscal Years 2004 and 2005.

    Your appeals are requests for a final determination under
the FOIA.  For the following reasons, I deny both of your
appeals.

    Regarding the delayed response, HQMC did not maintain the
records you requested but initiated a search for the records
immediately upon receipt of your request.  You did not receive a
substantive response from HQMC within the time frame required by
the FOIA and you appealed.  Before this office adjudicated your
appeal HQMC responded to your FOIA request by advising you where
the FY04 and FY05 precepts could be located on the world wide
web and by denying your request for the Master Brief Sheets.
You appealed the decision to withhold the Master Brief Sheets.
Your appeal concerning the delayed response is moot and no
further action is required.

    Turning next to your appeal of the decision to withhold the
Master Brief Sheets, FOIA Exemption (b)(3)(A) requires agencies
to withhold information that is "specifically exempted from
disclosure by statute … provided that such statute requires that
the matters be withheld from the public in such a manner as to
leave no discretion on the issue".  10 U.S.C. § 618(f) is such a
statute in that it categorically and unequivocally prohibits
release of selection board proceedings, except in circumstance

1

not relevant here.  The conclusions reached by the two courts in the two cases cited in your letter support this position, and not, as you argue, for release of the information.  HQMC properly withheld the Master Brief Sheets.

As the Secretary of the Navy's designee, I am responsible for this final denial of your appeal.  You may seek judicial review of this decision.

Sincerely,

L. R. ALMAND
Captain, JAGC, U. S. Navy
Deputy Assistant Judge Advocate General
(General Litigation)

2

Plaintiff Exhibit ___2___

255

| NAME | | | | GRADE | RANK DESCRIPTION | | | DOR | COMP | LINEAL NO | | GT/GCT | PERM GR | PERM DOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCGRADY JACKSON L | | | | O4 | MAJ | | | 19970901 | USMC | 03828000 | | 137 | O4 | 19970901 |
| DOB | DEAF | PEBD | AFADBD | AC NAV BD | ACC 1ST COMM | | DOR 1ST COMM | DOR 1ST LDO | | PMOS | AMOS-AMOS | GT/GCT | OSCD | PERM DOR |
| 19650809 | 19830706 | 19870520 | 19870520 | 19830520 | 19870520 | | 19870520 | | | 4402 | 3002 / 9885 | DCTB | 19840505 | CONTRACT LEGAL |
| | | | | | | | | | | | DCADB 19870520 | 20020608 | | NONE. ALL RE |

DECORATIONS
MM 1
NC 1
NA 1
CR 1

MILITARY EDUCATION
2000 MIL JUSTICE-LAWYER — 1996
2000 AWS PHASE II — 1995
1991 GROUND SUPPLY OFFICER — 1988
1992 WARFIGHTING SKILLS PRO — 1992
1998 BASIC SCHOOL — 1987

ENVIRONMENTAL LAW COUR
CONTRACT ATTORNEYS
DEFENSE SMALL PURCHASE
DEFENSE ACQUISITION AN
CMD & STAFF NONRES
FEDERAL LABOR RELATION

CIVILIAN EDUCATION
LAW
DOCTORATE
19

SPL  HQSVC BN
SCTY: S/N/20040522
INFO  JT-MOS:

LANGUAGES
UNKNOWN

PAGE 1 OF 2

Date: 06/26/2004

REPORT SUMMARY

| MONITORED COMMAND ORGANIZATION/SCHOOL REPORTING SENIOR | DUTY ASSIGNMENT GRADE TYPE DUTY BILMOS REVIEWING OFFICER | OCC | BEGIN END DATE | MISSION | CHARACTER | | | | LEADERSHIP | | | | INTELLECT | | | | EVAL RESP | PROMOTION | | | COM ADV | #RPTS @PROC | REL VAL @ PROC | #RPTS CUM | REL VAL CUM | RO CONCURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | PER PRO | COU EFF | INI | LEA | DEV | SET ENS | COM | PME DEC | JUD | | Y N ACC | ACC | | | | | | | | |
| 1 HQCO HQSVCBN MCB QUAN  LTCOL  FRANCIS | LABOR LAW ATTORNEY MAJ  N  4402  COL  SCOVEL III | TR | 19980901 19990315 | E E | E E | E | E | D | E D | F | F E | E | D | X | | | 4/7 0/8 | X | 2 | N/A | 11 | 100.00 | X |
| | | | RO: | 0/1 | 0/2 | | 0/3 | | 5/4 | 22/5 | 38/6 | | | | FitRep Avg: 4.86 | | | RS Cum Avg: 4.39 | | RS High: 4.86 |
| 2 HQCO HQSVCBN MCB QUAN  LTCOL  VERDUCCI  GM15  CLARK | ASSISTANT COUNSEL MAJ  N  4402  GM15  CLARK | AN | 19990316 19990731 | E D | E E | F | D | D | E E | E | D E | E | H | X | | | 1/7 0/8 | | 1 | N/A | 3 | 80.00 | X |
| | | | RO: | 0/1 | 0/2 | | 0/3 | | 0/4 | 2/5 | 0/6 | | | | FitRep Avg: 4.77 | | | RS Cum Avg: 4.95 | | RS High: 5.08 |
| 3 HQCO HQSVCBN MCCDCMC  LTCOL  VERDUCCI  GM15  CLARK | ASSISTANT COUNSEL MAJ  N  4402 | AN | 19990801 20000731 | E E | E E | F | E | E | E E | D | F E | H | H | X | | | 1/7 0/8 | X | 2 | N/A | 3 | 94.00 | X |
| | | | RO: | 0/1 | 0/2 | | 0/3 | | 0/4 | 2/5 | 0/6 | | | | FitRep Avg: 5 | | | RS Cum Avg: 4.95 | | RS High: 5.08 |
| 4 COUNSEL MCCDC/MCB QUAN  GM-15  CLARK  SES05  MURPHY | ASSOCIATE COUNSEL MAJ  N  4402 | TR | 20000801 20010723 | F E | E E | F | E | E | E E | D | E E | E | H | X | | | 19/7 0/8 | X | 1 | N/A | 6 | 92.65 | X |
| | | | RO: | 0/1 | 0/2 | | 0/3 | | 1/4 | 9/5 | 30/6 | | | | FitRep Avg: 5.08 | | | RS Cum Avg: 4.92 | | RS High: 5.5 |
| 5 FUNDED LEGAL EDUCATION  MAJ  STUBBS  COL  WINTERS | SPECIAL EDUCATION PROGRAM MAJ  A  4402 | TR | 20010724 20020618 | H | H | H | H | H | H H | H | H H | H | H | | X | | | | | | N/A | | N/A | |
| | | | RO: | | | | | | | | | | | | FitRep Avg: | | | RS Cum Avg: | | RS High: |

256

| NAME | | | | GRADE | RANK DESCRIPTION | | DOR | COMP | LINEAL NO | | PMOS | AMOS-AMOS | GT/GCT | PERM GR | PERM DOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MCGRADY JACKSON L | | | | O4 | MAJ | | 19970901 | USMC | 03626000 | | 4402 | 3002 / 9685 | 137 | O4 | 19970901 |
| DOB | DEAF | PEBD | AFADBD | AC NAV BD | ACC 1ST COMM | | DOR 1ST COMM | DOR 1ST LDO | DSG PILOT | | | AMOS-AMOS | DCTB | OSCD | CONTRACT LEGAL |
| 19850809 | 19830706 | 19870520 | 19870520 | | 19870520 | | 19870520 | | | | 19870520 | EAS | 20020608 | 19840505 | NONE ALL RE |

DECORATIONS
MM 1
NC 1
NA 1
CR 1

CIVILIAN EDUCATION
LAW
DOCTORATE
19

LANGUAGES
UNKNOWN

MILITARY EDUCATION
2000 MIL JUSTICE-LAWYER — 1996
2000 AWS PHASE II — 1995
1991 GROUND SUPPLY OFFICER — 1988
1992 DEFENSE ACQUISITION AN — 1992
1999 WARFIGHTING SKILLS PRO — 1987
1998 BASIC SCHOOL

ENVIRONMENTAL LAW COUR
CONTRACT ATTORNEYS
DEFENSE SMALL PURCHASE
DEFENSE ACQUISITION AN
CMD & STAFF NONRES
FEDERAL LABOR RELATION

SPL HQSVC BN  SCTY: S/V/20040822
INFO JT-MOS:
Date: 08/26/2004

2 PAGE OF 2

## REPORT SUMMARY

| | PER | PRO | COU | EFF | INI | LEA | DEV | SET | ENS | COM | PME | DEC | JUD | Y | N | NA | ACC | COM | ADV | #RPTS @PROC | REL VAL @PROC | #RPTS CUM | REL VAL CUM | RO CONCURS Y | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**6 HQSVC BN**
MONITORED COMMAND: HQSVC BN
ORGANIZATION/SCHOOL: MAJ N 4402
REPORTING SENIOR
DUTY ASSIGNMENT: ASSOCIATE COUNSEL
GRADE TYPE DUTY BILMOS: REVIEWING OFFICER
OCC: AN
BEGIN: 20020619
END DATE: 20030531

| | PER | PRO | COU | EFF | INI | LEA | DEV | SET | ENS | COM | PME | DEC | JUD | Y | N | NA | ACC | | | #RPTS | REL VAL | #RPTS | REL VAL | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | F | F | E | E | E | F | F | E | F | E | E | E | E | E | | | X | | | 4 | 100.00 | 6 | 98.76 | X | |
| RO: | 0/1 | 0/1 | 0/2 | 0/2 | 0/3 | 1/4 | 9/5 | 30/6 | 19/7 | | | | | | | | | | | | | | | |

SES06 MURPHY
CLMRRK  FitRep Avg: 5.43  RS Cum Avg: 4.92  RS High: 5.5

**7**
MONITORED COMMAND: COUNSEL MCCDC/MCB QUA
ORGANIZATION/SCHOOL: MAJ N 9685
REPORTING SENIOR
DUTY ASSIGNMENT: ASSOCIATE COUNSEL
OCC: AN
BEGIN: 20030601
END DATE: 20040531

| | PER | PRO | COU | EFF | INI | LEA | DEV | SET | ENS | COM | PME | DEC | JUD | Y | N | NA | ACC | | | #RPTS | REL VAL | #RPTS | REL VAL | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | F | F | E | E | E | F | F | E | F | E | E | E | E | E | | | X | | | 6 | 100.00 | 6 | 100.00 | X | |
| RO: | 0/1 | 0/1 | 0/2 | 0/2 | 0/3 | 1/4 | 9/5 | 30/6 | 19/7 | | | | | | | | | | | | | | | |

SES-06 MURPHY
CLNRKK  FitRep Avg: 5.5  RS Cum Avg: 4.92  RS High: 5.5

# MASTER BRIEF SHEET

**NAME:** MCGRADY, [ ] JACKSON L

| DOB | ORIG DT OF R | FEUD | AF ACDU RD | AC INV RD | IF ACDU RD |
|---|---|---|---|---|---|
| 19650809 | 19870520 | 19870520 | 19870520 | | 19870520 |

**GRADE:** O4  **DOR SEL COMM:** 19870520  **DOR 1ST COM:** 19870520

| RANK DESCRIPTION | DOR 1ST LDO | ORIG PLCT | DOR |
|---|---|---|---|
| MAJ | | | 19970901 |

**COMP:** USMC  **DOR:** 19870520

| PEBN GR | PEBN YR |
|---|---|
| MAJ | 19970901 |

**PAGE:** 1 OF 3

## DECORATIONS
- 01 NAVY COMM MEDAL
- 01 NAVY ACHV MEDAL

**COMBAT ACTION RIB** 01

**LINEAL NO:** 24814-000
**PMOS:** 4402  **AMOS:** 3002
**OCC:** 137-2  **PEBN GR:** MAJ

**CIVILIAN EDUCATION**
MASTERS
MASTERS
BUSINESS ADMINISTRATION

**MILITARY EDUCATION**
- 99 COMMAND AND STAFF NONR
- 99 MIL JUSTICE-LAWYER
- 98 GROUND SUPPLY OFFICER
- 88 BASIC SCHOOL
- 87
- 00
- 00
- 00

FEDERAL LABOR RELATIONS, 98
AMPHIBIOUS WARFARE SCH, 95
WARFIGHTING SKILLS PROG, 92

**DTB:** 19960830  19840505
**DCTB:** 19960830  19840505

**LANGUAGES**
UNKNOWN

SPL  HQSVC BN
INFO  SCTY:      7/2/19840201

DATE:1/4/00

| MONITORED COMMAND ORGANIZATION/SCHOOL | DUTY ASSIGNMENT GRADE / OBTUS / DMOS | OCC MO | BEGIN DATE / END DATE | Performance RD AD AM HO HQ TP TH | DOR SA PA MP AO CO IN IO PM PO LD LY PR EQ GP | QUALITIES MO U SA | VALUE DISTRIBUTION U A MA AN E | G E E D LOF | CAD LOF |
|---|---|---|---|---|---|---|---|---|---|
| 4TH MAR CORPS DIST DIST HQS MARINE CORPS DISTRICTS MAJ CONWAY | MCJROTC PROJECT OFF 1STLT N 9910 COL MILO | SA 05 | 910626 911231 | O N E N | O O N N N O O O O O O O O | | | X P 1 | D |
| 4TH MAR CORPS DIST DIST HQS MARINE CORPS DISTRICTS MAJ CONWAY | MCJROTC PROJECT OFF 1STLT N 9910 COL MILO | GC 03 | 920101 920331 | O N E | O N N N N O O O O O O O O O | | | X P 1 | D |
| 4TH MAR CORPS DIST DIST HQS MARINE CORPS DISTRICTS MAJ CONWAY | MCJROTC PROJECT OFF CAPT N 9910 COL NIEWENHOUS III | AN 07 | 920401 921031 | O N O | O N N N N O O O O O O O O O | 1 | | X P 1 | D |
| 4TH MAR CORPS DIST DIST HQS MARINE CORPS DISTRICTS MAJ CONWAY | MCJROTC PROJECT OFF CAPT N 9910 COL NIEWENHOUS III | CH 08 | 921101 930630 | O N O | O N N N N O O O O O O O O O | | | X P 2 | D |
| 4TH MAR CORPS DIST DIST HQS MARINE CORPS DISTRICTS COL NIEWENHOUS III | MCJROTC PROJECT OFF CAPT N 9910 COL MILO | TR 02 | 930701 930819 | O N O | O N N N N O O O O O O O O O | 1 | | X P 3 | D |
| H STF 3RD & 4TH PLT BLKFLCO LAW MAJ BRIDGEMAN | STUDENT CAPT N NA COL RECTOR JR | DC 16 | 930820 941231 | O N N | O N N N N O O O O O O O O O | | | X P 1 | F |
| H STF 3RD & 4TH PLT BLKFLCO MAJ BRIDGEMAN | STUDENT CAPT N NA COL RECTOR JR | TD 05 | 950101 950531 | N N N | N N N N N N N N N N N N N N N | X | | X | |
| HQ&HQ SODN MAJ KIRKLAND III | WG/STA TRIAL COUNSEL CAPT N 4401 COL KELLER JR | TD 02 | 950601 950726 | O N O | O N N N N O O O O O O O O O | | | X P 1 | D |
| H STF 3RD & 4TH PLT BLKFLCO MAJ BRIDGEMAN | STUDENT CAPT N NA COL RECTOR JR | CH 01 | 950731 950831 | N N N | N N N N N N N N N N N N N N N | X | | X | |
| H STF 3RD & 4TH PLT BLKFLCO MAJ BURTIS | STUDENT CAPT N NA LTCOL PASCO | TR 12 | 950901 960826 | O N O | O N N N N O O O O O O O O O | X | | X P 1 | D |
| HQSVC BN HQ MCB QUANTICO LTCOL FAVORS | TRIAL COUNSEL CAPT N 4402 COL REED | TD 02 | 960827 961012 | N N N | N N N N N N N N N N N N N N N | X | | X | |
| US NAVAL JUSTICE SCOL (STUD PERS MILITARY JUSTICE MAJ SULLIVAN | STUDENT CAPT N NA INFO UNAVAILABI | TD 02 | 961013 961213 | N N N | N N N N N N N N N N N N N N N | X | | X | |

| MONITORED COMMAND ORGANIZATION/SCHOOL | DUTY ASSIGNMENT GRADE / OBTUS / DMOS | OCC MO | BEGIN DATE / END DATE | | | |
|---|---|---|---|---|---|---|

# MASTER BRIEF SHEET

**NAME:** MCGRADY - JACKSON L

| DOB | ORG ENT #F | PEBD | AC RNW RD | AF ACDU RD |
|---|---|---|---|---|
| 19650809 | 19870520 | 19870520 | | 19870520 |

| NAME | | GRADE | RANK DESCRIPTION | DOR | COMP |
|---|---|---|---|---|---|
| | | O4 | MAJ | 19970801 | USMC |

| ACC 1ST COMM | DOR 1ST COMM | DOR 1ST LDO | DISQ PILOT | CUR ACDU RD | SD |
|---|---|---|---|---|---|
| 19870520 | 19870520 | | | 19870520 | |

| LINEAL NO. | | PMOS | AMOS | AMOS | GT/GCT | PEBN GR | PEBN DOR |
|---|---|---|---|---|---|---|---|
| 24814-000 | | 4402 | 3002 | UNKNOWN | 137-2 | MAJ | 19970901 |

## DECORATIONS

01 NAVY COMM MEDAL
01 NAVY ACHV MEDAL

## COMBAT ACTION RIB

01 COMBAT ACTION RIB

## MILITARY EDUCATION

| | | YR |
|---|---|---|
| COMMAND AND STAFF NONRES | FEDERAL LABOR RELATIONS | 98 |
| MIL.JUSTICE-LAWYER | AMPHIBIOUS WARFARE SCH | 96 |
| GROUND SUPPLY OFFICER | WARFIGHTING SKILLS PROG | 92 |
| BASIC SCHOOL | | 87 |

## CIVILIAN EDUCATION

LANGUAGES
UNKNOWN

MASTERS
MASTERS
BUSINESS ADMINISTRATION

| | | |
|---|---|---|
| DTD | 19960830 | 19840505 |
| GRAD | | 19840201 |

SPL HQSVC BN
INFO SCTY: 7/21984

DATE:1/4/00 PAGE 1 OF 3

## DUTY ASSIGNMENT

| MONITORED COMMAND ORGANIZATION/SCHOOL | GRADE | CBT/US | DMOS | OCC MO | BEGIN DATE END DATE |
|---|---|---|---|---|---|
| DEFENSE COUNSEL | CAPT | N | 4402 | CH 07 | 961214 970731 |
| HQSVC BN | | | | | |
| HQ MCB QUANTICO | | | | | |

COL HILTON

MAJ HARPER

| MONITORED COMMAND ORGANIZATION/SCHOOL | GRADE | CBT/US | DMOS | OCC MO | BEGIN DATE END DATE |
|---|---|---|---|---|---|
| | | | | | |

REMARKS & OBSERVATIONS

CONTRACT/LEGAL AGREEMENT
UNKNOWN

Plaintiff Exhibit __3__

Recruiting    HQMC    Units    Career    M4L    MOL    News    Family    Pubs    Locator
Links



## MARINES
THE FEW. THE PROUD.

T-SGLI    Traumati
Servicemembers' Gr

# Manpower & Reserve Affairs

Search:

**Active Marine** | Reserve Marine | Veteran Marine | Civilian Marine | Family | M&RA Home

About M&RA    C

Log In  •  Regi:

Officer Promotions    M&RA Home > Active Marine > MM > MMPR > MMPR-1 > Promotion Boards > FY05 Promotion Boards > FY05 - Ac

Section Head Message / Breaking News

Promotion Boards

Officer Promotion Process

Preparing for your Board

Messages

FAQs

## FY 2005 Lieutenant Colonel Promotion Board

### Selection Board Information

| | |
|---|---|
| **Board:** | Lieutenant Colonel |
| **Time Period:** | FY 2005 |
| **Component:** | Regular |
| **Status:** | Completed |
| **Status Date:** | 04/29/2004 |
| **Board Precept:** | LtCol Precept |
| | LtCol Precept Mod |
| **Board Stats:** | LtCol Stats |

### Message Information

| | |
|---|---|
| **Promotion Guidance Message:** | 03/ |
| **Message Number:** | MA |
| **Convening Message:** | 07/ |
| **Message Number:** | MA |
| **ALNAV Release Date:** | 01/ |
| **ALNAV Number:** | 001 |

### Membership Information

#### Board President

General Richard A. Huck, USMC (GR)

#### Board Members

Colonel Anthony L. Jackson, USMC (GR)
Colonel William R. Murray, USMCR (AV)
Colonel Fredric M. Olson, USMC (AV)
Colonel Terence K. Kerrigan, USMC (GR)
Colonel Robert E. Love, USMC (GR)
Colonel Mark D. Mahaffey, USMC (AV)
Colonel Richard B. Harris, USMCR (GR)
Colonel Karen S. Prokop, USMC (GR)
Colonel Cosmo R. Spofford, USMC (AV)
Colonel Glenn L. Wagner, USMC (GR)

Colonel Keith A. Seiwell, USMC (GR)
Colonel Guy M. Close, USMC (AV)
Colonel James E. McCown III, USMC (G
Colonel Ralph H. Kohlmann, USMC (GR
Colonel John J. Bryant, USMC (GR)
Colonel Mark E. Monroe, USMC (AV)
Colonel Eric J. VanCamp, USMC (JT/AV
Colonel Paul D. Bennett, USMC (GR)
Colonel Mark A. Brilakis, USMC (GR)
Colonel John P. Lopez, USMC (GR)

#### Recorders

Major Timothy F. Crawley, USMCR
Captain Carl J. Lucas, USMC

Official Marine Corps website • Privacy and Security Notice • External Link Disclaimer

Plaintiff Exhibit ___4___



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON, D C 20350-1000

26 August 2003

From:  Secretary of the Navy
To:    Major General Richard A. Huck, USMC (GR)

Subj:  PRECEPT CONVENING A SELECTION BOARD TO RECOMMEND OFFICERS
       OF THE MARINE CORPS ON THE ACTIVE-DUTY LIST FOR PROMOTION
       TO THE GRADE OF LIEUTENANT COLONEL

Encl:  (1) Supplemental Guidance for Lieutenant Colonel Promotion
           Selection Board

1. <u>Members</u>.  A selection board is appointed, consisting of
yourself as president and the following additional members, for
the consideration of officers of the Marine Corps on the active-
duty list for promotion to the grade of lieutenant colonel:

    Colonel Robert E. Gerlaugh, USMC (GR)
    Colonel Anthony L. Jackson, USMC (GR)
    Colonel William R. Murray, USMC (AV)
    Colonel Fredric M. Olson, USMC (AV)
    Colonel Terence K. Kerrigan, USMC (GR)
    Colonel Robert E. Love, USMC (GR)
    Colonel Mark D. Mahaffey, USMC (AV)
    Colonel Richard B. Harris, USMCR (GR)
    Colonel Karen S. Prokop, USMC (GR)
    Colonel Cosmas R. Spofford, USMC (AV)
    Colonel Glenn L. Wagner, USMC (GR)
    Colonel Keith A. Seiwell, USMC (GR)
    Colonel Guy M. Close, USMC (AV)
    Colonel James E. McCown III, USMC (GR)
    Colonel Ralph H. Kohlmann, USMC (GR)
    Colonel John J. Bryant, USMC (GR)
    Colonel Mark E. Monroe, USMC (AV)
    Colonel Eric J. VanCamp, USMC (JT/AV)
    Colonel Paul D. Bennett, USMC (GR)
    Colonel Mark A. Brilakis, USMC (GR)

2. <u>Recorders</u>.  Major Timothy F. Crawley, U.S. Marine Corps
Reserve, and Captain Carl J. Lucas, U.S. Marine Corps, will
jointly act as recorders.  A recorder will be present during all
board deliberations.

3. <u>Administrative Personnel</u>.  The following administrative
support personnel are hereby appointed:

    Colonel Lee W. Freund, USMC
    Colonel Charles V. Mugno, USMC
    Colonel Michael L. Hawkins, USMC
    Mr. William A. Hicks
    Major Peter L. Gillis, USMC

Subj: PRECEPT CONVENING A SELECTION BOARD TO RECOMMEND OFFICERS OF THE MARINE CORPS ON THE ACTIVE-DUTY LIST FOR PROMOTION TO THE GRADE OF LIEUTENANT COLONEL

Mr. Robert J. Sunday
Captain Alan R. Singleton II, USMCR
Captain Wendy A. Holmes, USMC
Chief Warrant Officer W4 Doreen A. Boggs, USMC
Mrs. Constance P. Ray
Mrs. Jane D. Ritchie
Mrs. Gracie Van Steenbergen
Gunnery Sergeant Kelvin O. Guthrie, USMC
Gunnery Sergeant James Bride, Jr., USMC
Mrs. Janet L. Ector
Mrs. Susan B. Reed
Corporal Eleazer Castro, USMC
Lance Corporal Anthony H. Cooperwood, USMC
Private First Class Salvador A. Arbujo, USMC
Private First Class Joshua O. Bainbridge, USMC
Private First Class Jason M. Koerbel, USMC
Private First Class Tiffany A. Lawyer, USMC
Private First Class Joseph E. O'Dell, USMC
Private First Class Raul Rojas, USMC
Private First Class Joshua P. Villegas, USMC

4. <u>Date and Location</u>. The board is ordered to convene at Headquarters, U.S. Marine Corps, Harry Lee Hall, Quantico, VA on 4 September 2003, or as soon thereafter as practicable.

5. <u>Guidance</u>. The board will proceed in accordance with the following specific guidelines which are explained in detail in the enclosure.

a. <u>Number of Selections Authorized</u>. The board may select for promotion to the grade of lieutenant colonel, a number of officers which most closely approximates 70 percent of those eligible in-zone officers. Of those officers selected, not more than 10 percent may be selected from below the promotion zone. The board is not required to select to the maximum number provided.

b. <u>Selection Standard</u>. The board shall carefully consider without prejudice or partiality the record of every eligible officer. The officers selected will be those officers whom a majority of the members of the board consider best qualified for promotion. In addition to the standard of best qualified, the officers recommended for promotion by the board must be fully qualified; that is, each officer's qualifications and performance of duty must clearly demonstrate that the officer would be capable of performing the duties normally associated with the next higher grade. This standard applies to all eligible officers, including those above and below-zone.

2

Subj:  PRECEPT CONVENING A SELECTION BOARD TO RECOMMEND OFFICERS
OF THE MARINE CORPS ON THE ACTIVE-DUTY LIST FOR PROMOTION
TO THE GRADE OF LIEUTENANT COLONEL

    c.  Requests for Nonselection.  Some promotion eligible
officers may intend to leave active duty and therefore submit a
written request not to be selected for promotion to the board
president.  Any officer who submits such a request will still be
considered for promotion and will incur a failure of selection if
not recommended for promotion by the board.  Under current law,
an officer who submits a request not to be selected for promotion
or who otherwise directly caused his/her nonselection through
written communication to the board is not entitled to separation
pay if the officer is involuntarily discharged from active duty.
Accordingly, the board is required to include in its report the
names of those officers considered and not recommended for
promotion by the board who submitted to the board a request not
to be selected for promotion or who otherwise directly caused
their nonselection through written communication to the board.

    d.  Skill Guidance.  Within this board's charter to select
those officers who are "best and fully qualified," the board
shall give due consideration to the needs of the Marine Corps for
officers with particular skills.  At this time the needs of the
Marine Corps reflect a critical shortage (below 85%) of officers
in the grade of lieutenant colonel in the following skill areas:

| MOS | SKILL | NUMBER SHORT | PERCENTAGE SHORT OF REQUIREMENT |
|------|------|------|------|
| 0180 | Adjutant | 14 | 34% |
| 02XX | Intelligence | 49 | 46% |
| 1302 | Engineer | 23 | 31% |
| 3404 | Financial Management | 9 | 23% |
| 4302 | Public Affairs | 11 | 58% |
| 7543 | Pilot VMAQ EA-6B | 13 | 62% |
| 7557 | KC-130 Aircraft Commander | 25 | 58% |

    Because the Marine Corps promotes unrestricted officers
within a single competitive category and not by military
occupational specialty, there is no quota established for the
selection of officers in these military occupational specialties;
however, the board will make every effort to consider the needs
of the Marine Corps for officers with these particular skills
when determining those officers who are best and fully qualified
for promotion.

    e.  Joint Duty Assignments.  The quality of performance of
officers who have served in or are serving in joint duty
assignments shall be given the same weight as quality of
performance in assignments within the Marine Corps.

3

Subj: PRECEPT CONVENING A SELECTION BOARD TO RECOMMEND OFFICERS
OF THE MARINE CORPS ON THE ACTIVE-DUTY LIST FOR PROMOTION
TO THE GRADE OF LIEUTENANT COLONEL

f. Acquisition Specialists. Of particular value to the
Marine Corps are officers experienced in the systems acquisition
process. Officers who gain experience through multiple
acquisition tours provide the Marine Corps acquisition process a
unique combination of both operational experience and technical
acquisition leadership. At this time, we are facing a shortage
of officers who are both experienced and certified in
acquisition. Within this board's charter to select those
officers who are "best and fully qualified," the board shall give
due consideration to the needs of the Marine Corps for senior
officers with particular acquisition skills. The board shall
give equal weight to quality of performance by officers in these
key billets as is given to quality of performance in primary
specialties, including operational and command assignments.

g. Equal Opportunity. The board's evaluation of all
officers, regardless of race, creed, color, gender, or national
origin, must afford them fair and equitable consideration.

h. Limited Duty Officers. The board's evaluation of
officers who were formerly limited duty officers must afford them
fair and equitable consideration.

i. Marital Status. The marital status of an eligible
officer or the employment, education, or volunteer service of a
spouse will not be considered.

6. Continuation Board. Upon completion of the lieutenant
colonel promotion selection board, the board shall reconvene as a
continuation board:

a. The continuation board may select for continuation 100
percent of those Regular unrestricted majors who: have completed
less than 18 years active service; have twice failed of selection
to lieutenant colonel; are subject to involuntary discharge for
failure of selection; and who are deemed by a majority of the
members of the board to be fully qualified for continuation and
whose continuation is in the best interest of the Marine Corps.
The officers selected will be continued until retirement eligible
under the provision of title 10, U.S. Code, section 6323. The
Commandant of the Marine Corps shall furnish the board with the
names and records of such officers.

b. The continuation board may select for continuation 100
percent of those Regular unrestricted majors who: have skills in
short military occupational specialties (MOS) as specified below;
have completed at least 18 years active service; have twice
failed of selection to lieutenant colonel and as a result of not
being selected for promotion will have mandatory retirements
dates between 1 August 2004 and 1 July 2005; and who are deemed

4

Subj: PRECEPT CONVENING A SELECTION BOARD TO RECOMMEND OFFICERS
OF THE MARINE CORPS ON THE ACTIVE-DUTY LIST FOR PROMOTION
TO THE GRADE OF LIEUTENANT COLONEL

by a majority of the members of the board to be fully qualified
for continuation and whose continuation is in the best interest
of the Marine Corps. The officers selected will be continued on
active duty for a period of three years or until the age of 62,
whichever is earlier. The board is not required to select to the
maximum number provided. The Commandant of the Marine Corps
shall furnish the board with the names and records of such
officers.

| MOS  | SKILL                        |
|------|------------------------------|
| 0180 | Adjutant                     |
| 02XX | Intelligence                 |
| 0602 | Command and Control Systems  |
| 5803 | Military Police              |
| 6602 | Aviation Supply Officer      |
| 7202 | Air Command and Control      |

7. <u>Additional Guidance</u>. In addition to an explanation of the
guidance in paragraph 5 above, the enclosure contains additional
guidance for the board to consider in determining qualifications
and selection potential. Administrative instructions and the
oath for the members, recorders, and administrative support
personnel are also included.

8. <u>Confidentiality of Board Proceedings</u>. Unless expressly
authorized or required by the President, Secretary of Defense, or
myself, neither you nor any member of the board or administrative
staff may disclose the proceedings, deliberations, or
recommendations of the promotion selection or continuation
selection boards. All board members and administrative staff
must comply fully with these requirements, and I expect you to
emphasize the need for strict confidentiality.

*Hansford T. Johnson*

Hansford T. Johnson
Secretary of the Navy
Acting

5

SUPPLEMENTAL GUIDANCE FOR
LIEUTENANT COLONEL
PROMOTION SELECTION BOARD

1.  The following oath or affirmation shall be administered to
the recorders by the president of the board:

    "Do you solemnly swear (or affirm) that you will
    keep a true record of the proceedings of this board
    and, further, that you will not disclose the proceedings
    or recommendations thereof pertaining to the selection
    or nonselection of individual officers except as
    authorized or required by the Secretary of the Navy
    or higher authority, so help you God?"

The following oath or affirmation shall then be administered by
the recorder to each member of the board:

    "Do you solemnly swear (or affirm) that you will
    perform your duties as a member of this board without
    prejudice or partiality, having in view both the
    special fitness of officers and the efficiency of the
    Naval Service and, further, that you will not disclose
    the proceedings or recommendations thereof pertaining
    to the selection or nonselection of individual officers
    except as authorized or required by the Secretary of the
    Navy or higher authority, so help you God?"

The following oath or affirmation shall then be administered to
the administrative support personnel:

    "Do you solemnly swear (or affirm) that you will not
    disclose the proceedings or recommendations thereof
    pertaining to the selection or nonselection of individual
    officers except as authorized or required by the Secretary
    of the Navy or higher authority, so help you God?"

2.  The Commandant of the Marine Corps shall furnish the board
with the names and records of all officers who are eligible for
consideration.  The names of the officers eligible for
consideration shall be determined as of the date the board
convenes.  The board, however, shall not consider any officer on
the active-duty list who has an established separation date that
is within 90 days after the date the board convenes.

3.  Promotion Selection Board.  The function of the board is to
recommend officers of the Marine Corps on the active-duty list
for promotion to the grade of lieutenant colonel.  The officers
selected will be those officers whom a majority of the members of
the board consider best qualified for promotion, giving due
consideration to any guidance provided in this precept concerning
the needs of the Marine Corps for officers with particular
skills.  In addition to the foregoing standard of best qualified,

Encl (1)

all officers recommended for promotion by the board must be fully qualified; that is, each officer's qualifications and performance of duty must clearly demonstrate that the officer would be capable of performing the duties normally associated with the next higher grade.

4.    Continuation Selection Board.  An eligible officer who is recommended for continuation must be fully qualified for continuation, and his or her continuation must be in the best interest of the Marine Corps.  "Fully qualified" means that the individual's record clearly demonstrates performance in a satisfactory manner considering the grade and technical specialty held.

5.    Joint Duty Assignments

    a.    Our ability to operate effectively with the other Services is vital to our warfighting capability.  To foster this ability, a number of officers are assigned to joint duty with the Joint Staff, the other Services, and joint organizations.  Board members shall give appropriate consideration to the performance of officers who are serving or have served in such assignments. To ensure our ability to conduct joint operations, the Marine Corps is firmly committed to placing as many officers as possible in joint duty assignment billets.  These assignments, critical for the future success of the Marine Corps, may have resulted in a career pattern different from officers who have served exclusively in their primary military occupational specialty.  In making your determination of those officers who are best and fully qualified for promotion, you should view joint duty assignments as having the same value as similar assignments within the Marine Corps (e.g., joint staff/Headquarters, U.S. Marine Corps and CINC staff/MARFOR staff).

    b.    The charter of the board is to recommend for promotion those officers who are best and fully qualified for promotion. The qualifications of in-zone, above-zone and below-zone officers assigned to joint duty are such that:

        (1) Officers serving on or who have served on the Joint Staff are expected, as a group, to be selected for promotion at a rate not less than the rate for officers who are serving on or who have served on the staff of the Secretary of the Navy or at Headquarters Marine Corps.

        (2) Officers designated as joint specialty officers are expected, as a group, to be selected for promotion at a rate not less than the overall board average.

        (3) Officers serving in or who have served in other joint duty assignment positions (other than officers covered in subparagraphs (1) and (2) above) are expected, as a group, to be selected for promotion at a rate not less than the overall board average.

2

(4) Officers serving on or who have served on the staff of the Secretary of Defense are expected, as a group, to be selected for promotion at a rate not less than that for officers who are serving in or have served on the staff of the Secretary of the Navy or at Headquarters Marine Corps.

c.  By Secretary of Defense policy, judge advocates cannot earn joint-duty credit and are, therefore, excluded from all aspects of the joint promotion comparisons in paragraph 5b above.

6.  Acquisition.  The Marine Corps ability to support future operational requirements depends, in part, on senior officers who have experience and training in acquisition management (i.e., officers who possess additional MOSs 9959 or 9958).  The Defense Acquisition Workforce Improvement Act requires that the qualifications of officers selected for the Acquisition Professional community are such that those officers are expected, as a group, to be promoted at a rate not less than the rate for all non-acquisition Marine Corps officers (both in the zone and the below-zone) in the same grade.  Marine Corps manpower management practices for assignment of officers to the acquisition workforce have been designed to achieve this expectation.

7.  Career Patterns.  The Marine Corps has not established an expected or preferred career pattern for officers of the Regular or Reserve Component.  In your deliberations you should consider that assignments are made in the best interests of the Marine Corps.  Officers rarely have direct influence over their assignments.  As a result of assignment policies and practices, in the best interests of the Marine Corps some officers have developed skills and experience outside of their primary MOS and may have been ordered to serve multiple tours in that sub-specialty.  When reviewing an officer's qualifications for the next higher grade, you should also consider that the Marine Corps benefits when the officer corps possesses a broad spectrum of experiences.  Assignments to the operating forces, recruiting duty, equal opportunity duty, joint and external billets, international exchange tours, the special education program or the advanced degree program, the training community, and the supporting establishment, all contribute to the depth and breadth of experiences that are critical to the Marine Corps.  In addition, in some instances, utilization policies or practices, such as those based on statutory restrictions on the assignment of women, may have had an effect on career opportunities.  All assignments are important to the Marine Corps, and successful performance of assigned duties is the key in measuring an officer's potential for promotion.  In determining the qualification for promotion of any officer who has been affected by such utilization policies or practices, performance in duty assignments should be given the same weight as that given to duty equally well performed by officers who were not affected by such policies or practices.

3

8. Equal Opportunity

   a. The Department of the Navy is dedicated to equality of
treatment and opportunity for all personnel without regard to
race, creed, color, gender, or national origin.  The Marine Corps
strives to maintain a professional working environment in which a
Marine's race, creed, color, gender, or national origin will not
impact his or her professional opportunities.  Accordingly,
within this board's charter to select those officers who are
"best and fully qualified," you must ensure that officers are not
disadvantaged because of their race, creed, color, gender, or
national origin.

   b. Your evaluation of all officers must afford them fair and
equitable consideration.  You should be particularly vigilant in
your evaluation to take care that no officer's promotion
opportunity is disadvantaged by service utilization policies or
practices.  You should evaluate each officer's potential to
assume the responsibilities of the next higher grade.  The
overriding evaluation factor is the performance of assigned
duties and I remind you that all assigned duties are important.

   c. This guidance should not be interpreted as requiring or
permitting preferential treatment of any officer or group of
officers on the grounds of race, creed, color, gender, or
national origin.

9. Limited Duty Officers.  Limited duty officers are by law
selected to perform duties in a technical field in which they are
proficient.  Limited duty officers who apply for redesignation as
unrestricted officers are selected only if they are considered to
be fully qualified for service as unrestricted officers.  Because
they were restricted to certain types of duty, these officers
will have career patterns different from those unrestricted
officers; i.e., professional military education, experience,
command opportunities, etc.  Past performance of duty as a
limited duty officer should be given the same weight as that
given to disparate duties equally well performed by an
unrestricted officer.

10. Professional Military Education

   a. Professional military education (PME), either resident or
non-resident, is a valuable and important aspect of a Marine
officer's professional development.  The successful completion of
the Command and Staff College Course (resident or non-resident)
or an equivalent program demonstrates an officer's commitment to
self-improvement and represents a desire to prepare for positions
of increased responsibility.  Milestones toward completion of
professional military education (i.e., course completion
certificates) similarly are indicative of these distinguishing
traits.

4

b.  When considering an officer's completion of PME, you should take into account that by Marine Corps policy, majors, while serving as Recruiting Station Commanding Officers (RS CO) are not required to participate in or complete the Intermediate Level School for their grade.  Upon completion of a tour of duty as an RS CO, officers are expected to resume their pursuit of PME requirements for their grade.

11.  When discussing your own personal knowledge concerning the professional qualifications of eligible officers, the board is reminded that if personal remarks, based on a member's personal knowledge, could be considered "adverse," the member cannot discuss his or her personal knowledge or evaluation unless such matter is contained in the officer's official record or other material placed before the board in compliance with the law and Service regulation.  In addition, should an officer's record reveal the removal of a fitness report via the Performance Evaluation Review Board, Board for Correction of Naval Records, etc., the member may not discuss his or her personal knowledge regarding the circumstances which resulted in the removal of the report from the officer's record.  However, documented incidents of misconduct and substandard performance which are included in an officer's official record must be briefed to all board members.  Members must carefully consider each such incident in connection with their deliberations.

12.  Faced with many well-qualified officers, there may be a tendency to simplify your task by summarily putting aside the folders of officers whose past records are less than perfect.  However, to do this is to fall short of your obligation.  A judgment of the whole person and the whole record is required to determine whose future potential will serve the Marine Corps best.  You may conclude that particular adverse information undermines an officer's ability to serve successfully in a position of increased authority and responsibility, despite an otherwise outstanding record.  On the other hand, you may find that an officer's overall outstanding performance demonstrates such potential for future service that it outweighs deficiency noted in the record.  Some officers will have learned from their mistakes in ways that make them stronger; others will have strengths that outweigh relative weaknesses in their records.  Make the best, not simply the most obviously defensible, choices.  By doing this you will not only fulfill your obligation, you will also better serve the Marine Corps.

13.  Marines are held to the highest standards of personal conduct.  The Nation expects the officers of the Marine Corps to exemplify the personal and professional character upon which successful military units are built.  The foundation of our character is predicated on our three Core Values:  Honor, Courage, and Commitment.  Accordingly, the board has a duty to forward to me the name of each officer whose record, in the opinion of a majority of the members of the board, indicates that the officer should be required to show cause for retention on

5

active duty. The requirement to show cause can arise from substandard performance of duty, moral or professional dereliction, misconduct, or if retention is not clearly consistent with the interests of national security. The board shall provide, under separate cover signed by the president and the recorder, a supplemental memorandum containing a brief explanation of the basis for the board's opinion that an officer should be required to show cause for retention on active duty. Upon such recommendation I have the discretion to direct a more detailed inquiry into the matter.

14. A critical goal of the Marine Corps is to encourage -- to demand -- innovation and efficiency to ensure that we retain an adaptive, flexible, and effective naval force able to anticipate events and win across the spectrum of conflict. Our institution must not restrict or limit the opportunity of any Marine to think creatively, develop new ideas, and maximize capabilities through sound management practices. In your consideration, recognize that the continued preeminence of the Marine Corps in the future is inextricably linked to its ability to change and to manage for efficiency. Our future depends on leaders who have demonstrated their awareness of this fact. Within the charter of best and fully qualified, seek to select these officers. Bear in mind that, in the context of a changing Marine Corps, the officers with the greatest capacity for innovation and management efficiency may reflect a variety of backgrounds.

15. The official military personnel records provided to the board may include medical documents relevant to an officer's physical qualifications. If the board desires clarification of any such document, then the board president should reduce the board's questions to writing and forward them to me. I will provide such clarification as may be appropriate.

16. The board president shall perform such administrative duties in connection with the board proceedings as I may prescribe. The board president has no authority to constrain the board from recommending for selection those fully qualified officers that the majority finds best qualified to meet the needs of the Marine Corps as specified by me. The board president shall ensure that paragraph 17 of this enclosure is read to each board member, recorder, and administrative support person on the convening date of the board or on the date of assignment to the board, whichever is later.

17. Per DoD Instruction (DoDInst) 1320.14 of 24 September 1996, the following instructions concerning communications and information apply to these board proceedings:

a. Each of you (president, members, recorders, and administrative support personnel) is responsible to maintain the integrity and independence of this promotion selection board, and to foster the careful consideration, without prejudice or partiality, of all eligible officers. DoDInst 1320.14 provides

specific rules governing the conduct of officer promotion selection boards and the actions of promotion selection board personnel.

b. You must pay particularly close attention to the rules governing communications with and among other board members, the information authorized to be furnished to you, and the procedures you should follow if you believe that the integrity of this promotion selection board has been improperly affected.

c. You may not receive, initiate, or participate in communications or discussions involving information that DoDInst 1320.14 precludes from consideration by a promotion selection board. You are to base your recommendations on the material in each officer's military record, any information I have provided to the board in accordance with DoDInst 1320.14, and any information about his or her own record communicated to you by individual eligible officers under regulations I have issued. In your deliberations, you may discuss your own personal knowledge and evaluation of the professional qualifications of eligible officers to the extent that such matters are not precluded in law, DoDInst 1320.14, or Service regulation from consideration by a promotion selection board or inclusion in an officer's military personnel record. You may not discuss or disclose the opinion of any person not a member of the board concerning an officer being considered unless that opinion is contained in material provided to the board under the provisions of DoDInst 1320.14.

d. I am the only person who may appear in person to address you on other than administrative matters. All communications with this board, other than those that are clearly administrative, must be in writing, given to each of you, and made part of the board's record. I have designated in writing those persons authorized to provide routine administrative information to you.

e. Before the report of the selection board is signed, the recommendations may be disclosed only to members of the board, recorders, and those administrative support personnel I have designated in writing. After you sign the board report, only the recommendations of the board may be disclosed. Except as authorized by DoDInst 1320.14 and sections 616(e), 618(f), 14104, or 14108(d) of title 10, U.S. Code, the proceedings of the board may not be disclosed to any person not a board member or board recorder.

f. If at any time you believe that you cannot in good conscience perform your duties as a member of the board without prejudice or partiality, you have a duty to request relief by me from this duty. I will honor any such request. If you believe that the integrity of the board's proceedings has been affected by improper influence of military or civilian authority, misconduct by the board president or a member, or any other reason, or believe someone is exerting or attempting to exert

7

inappropriate influence over the board or its proceedings, you have a duty to request from me or the Secretary of Defense relief from your obligation not to disclose board proceedings and, upon receiving it, to report the basis for your belief.

g.  Upon the completion of the board's deliberations, you will, at a minimum, certify in your report to me that:

(1) To the best of your knowledge, the board complied with DoDInst 1320.14;

(2) That you were not subject to or aware of any censure, reprimand, or admonishment about the recommendations of the board or the exercise of any lawful function within the authorized discretion of the board;

(3) That you were not subject to or aware of any attempt to coerce or influence improperly any action in the formulation of the board's recommendations;

(4) That you were not party to or aware of any attempt at unauthorized communications;

(5) That, to the best of your knowledge, the board carefully considered the record of each officer whose name was furnished to the board;

(6) That the officers recommended for promotion are, in the opinion of the majority of the members of the board, fully qualified and best qualified to meet the needs of the Marine Corps among those officers whose names were furnished to the board;

-or-

That the officers recommended for continuation are, in the opinion of the majority of the members of the board, fully qualified for continuation and that their continuation is in the best interests of the Marine Corps;

(7) That you are aware that the names of the selectees will be released to the public after the board report is approved, and you know that you may not disclose recommended selectees until the names are released to the public; and

(8) That you understand that, except as authorized by DoDInst 1320.14 and sections 616(e), 618(f), 14104, or 14108(d) of title 10, U.S. Code, you may never disclose the proceedings and deliberations of the board to any person who is not a board member or board recorder.

18.  Prior to adjournment, the board must review the extent to which the expectations of this promotion selection board guidance have been met.

8

19. The record of the promotion and continuation selection board's proceedings shall be prepared by the recorders and administrative support staff. The record of the promotion selection board shall contain at a minimum:

a. Convening notice required by title 10, U.S. Code, section 614;

b. All instructions, information, and guidance that were provided to the board, under title 10, U.S. Code, section 615 of and DoDInst 1320.14, except information concerning particular officers, which must be retained and transferred to the Director, Personnel Management Division;

c. The written report of the board;

d. A list of all officers eligible for consideration;

e. A sampling of records prepared by the board president under procedures prescribed by the Commandant of the Marine Corps for use in convening special selection boards; and

f. Precept.

20. The written report of the promotion selection board shall be signed by the board president, the board members, and board recorders. The report shall contain: a list of the names of the officers it recommends for promotion; the name of any officer considered and not recommended for promotion by the board who submitted to the board a request not to be selected for promotion or who otherwise directly caused his/her nonselection through written communication to the board; the name of any officer recommended to show cause; and, the certification described in paragraph 17g. Upon completion of its proceedings, the promotion selection board shall forward its report to the Principal Deputy Under Secretary of Defense for Personnel and Readiness for approval via, first, the Commandant of the Marine Corps for his recommendations, second, the Judge Advocate General of the Navy for legal review, and third, me.

21. The written report of the continuation board shall be signed by the board president, the board members, and board recorders, and shall contain a list of the names of the officers it recommends for continuation, the names of the officers not recommended for continuation, and the certification described in paragraph 17g. The continuation board shall forward its report to me for approval via the Commandant of the Marine Corps for his recommendations and the Judge Advocate General of the Navy for legal review.

9



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON, D.C. 20350-1000

29 August 2003

From:  Secretary of the Navy
To:    Major General Richard A. Huck, USMC (GR)

Subj:  MODIFICATION TO THE PRECEPT CONVENING A SELECTION BOARD TO
       RECOMMEND OFFICERS OF THE MARINE CORPS ON THE ACTIVE-DUTY
       LIST FOR PROMOTION TO THE GRADE OF LIEUTENANT COLONEL

Ref:   (a) My ltr of 26 Aug 03

1.  Colonel Robert E. Gerlaugh, U.S. Marine Corps, is released
from appointment as a member of the board and Colonel John P.
Lopez, U.S. Marine Corps, is appointed as a board member.

*Hansford T Johnson*

Hansford T. Johnson
Secretary of the Navy
Acting